NATHAN APPLETON *vs.* ALEXANDER FULLERTON & another.

Where, by an indenture of partition, separate parcels of land, bounding on passage ways,
are conveyed to each party in severalty, with the appurtenances; and it is agreed that
said passage ways shall continue open for the use of the abutters thereon, " to be used by
them in as full and ample a manner as they now are and heretofore have been used and
enjoyed;" these words do not restrict the abutters' use of the ways to the manner in which
they have been before used.  And an abutter on one of said passage ways has the right to
make any alterations or improvements therein, to make the use of it more beneficial to
himself, without injury to the owner of the land, or others having an equal right of way;
but not to use it for a distinct purpose beyond that of a right of way.  The use of the
passage as a place of deposit for merchandise is such a distinct use.   And whether the
laying down and maintaining of planks and rails, nearly on a level with the passage
way, for the transportation of merchandise, is such a distinct use, is a question of fact.
One making an unauthorized use of land of another, over which he has a right of way, is
liable to an action, although the owner of the land thereby sustains no actual damage.

ACTION OF TORT.    The declaration alleged that "the de-
fendants forcibly entered the plaintiff's close, abutting on Oliver
Street in Boston, and situated in the rear of certain warehouses,
situated on Milk Street in said Boston, and numbered 39, 41
and 47 on said Milk Street, and broke and subverted the soil of
said close, and used the same as a place of deposit for mer-
chandise and other articles, and constructed a railway over the
same.    To the damage of the plaintiff, as he says, the sum of
five hundred dollars."

The defendants, in their answer, " deny that they wrongfully
broke and subverted the soil of said close, and used the same as

a place of deposit for merchandise and other articles, and con-structed a railway over the same; but they allege that said close is a passage way, to be used in connection with the stores and warehouses abutting thereon, and in, upon and over which the owners and their tenants have all the rights of passage to said stores and warehouses, and that they are tenants of, and have hired of the owners thereof, said stores or warehouses, with the privileges and appurtenances thereunto belonging, and that they used said passage way as a passage way to said stores and warehouses so hired by them, and that all the uses which they made of said passage way they had good right to make."

The plaintiff in his replication " admits that the owners and tenants of the warehouses abutting on said close, and no others, have a right to use said close in connection therewith as a pass-age way;" "but he denies that all the uses, which the defend-ants made of said passage way, they had good right to make."

Trial in the court of common pleas, before *Merrick,* J. who signed the following bill of exceptions: In 1828, three corpora-tions, then owning as tenants in common a tract of land lying on and near Milk Street and Oliver Street, made partition thereof by indenture, assigning separate parcels, bounding on passage ways, to each company in severalty, " with all the privileges, easements and appurtenances to the said parcels of land and tenements or either of them belonging." "And this indenture further witnesseth, that it is mutually agreed by and between the said parties, that the said passage ways shall be and con-tinue open and common for the free use and passage of the abutters upon the said passage ways respectively, to be used and enjoyed by them in as full and ample a manner as they now are and heretofore have been used and enjoyed." In 1846, the three corporations conveyed the fee in these passage ways, includ-ing the place in question, to the plaintiff, subject to the rights reserved to the abutters by the indenture of partition. Two of the lots, thus set off to be held in severalty, upon each of which a warehouse had been built, were situated on opposite sides of one of the passage ways, near the end thereof farthest from the street; and at the time of the commencement of this action, and

for some time previous, were held by the defendants, under leases for years from the owners of the lots, who derived their title from the parties to the deed of partition.

The defendants, who were iron merchants, laid a flooring of planks across the passage way from the back door of one warehouse to that of the other, and on these planks laid iron tracks or rails, to serve for facilitating the transfer of the heavy articles in which they dealt, from one warehouse to the other. These planks and rails were at first laid wholly above the level of the soil; but the passage way was afterwards repaved and raised by the plaintiff, so that they are now a little, and but a little, above the level of the soil. There was no proof that the soil had been subverted, but only that the plank and rails had been laid on the surface of the ground, and remained there permanently.

It was also proved or admitted, that the defendants had used the passage way in the rear of their warehouses as a place of deposit for goods, until this was objected to by the plaintiff, when they removed their goods, and have not so used the passage way since. There was no evidence that the passage way had ever been so used, either for the transit or deposit of goods, until it was so used by the defendants. No special damage or actual damage was proved to have been sustained by the plaintiff. This action was brought to recover damages for the violation of the plaintiff's right as owner of the soil, in laying down the planks and rails, and using the passage way as a place of deposit for goods.

The plaintiff requested the court to instruct the jury, that the defendants must be restricted in their use of the passage way, to the terms of the reservation in the deed of partition. But the court, instead thereof, instructed the jury, that each of the abutters upon the passage way had an equal right to use it in the manner and for the purposes mentioned and reserved in said deed of partition; and that they were not restricted in such use of it to the state and condition in which the land was when the easement was created by said deed; but that they severally might lawfully make such alterations and improve-

ments therein, not thereby disturbing, hindering or interfering with other parties in the enjoyment of their respective rights, as would enable them most beneficially to avail themselves of their own; and that any one of them might legally do to the surface of the land any thing, adapted to promote the use of it for the purposes for which the easement was created, and which would facilitate his own use of it, as by covering it with plank, or laying down iron railways or other fixed and permanent structures upon it, provided that what was so done did not and would not interfere with the enjoyment of any right of any of the other abutters, or other persons having an interest therein, or with the use to which the owner in fee of the land could in some way lawfully appropriate it.

And the court further instructed the jury, that the plaintiff was not entitled to a verdict in this action, even for nominal damages, unless they were satisfied upon the evidence that some act or acts, done by the defendants in or to the land of the passage way, either did disturb or interrupt him in his enjoyment of the use of it, or had in fact, or was calculated to, or could in some way interfere with or interrupt him in the use or enjoyment of the land, for any purpose to which he could lawfully appropriate or devote it, subject as it was to the existing easement of such right of way; and unless also he had already suffered, or was liable to or in danger of suffering some loss or damage; which loss or damage must be not merely speculative, conjectural or imaginary; but real, actual, and capable, if it had occurred or should occur, of being estimated, weighed or appreciated.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions to the above instructions.

*J. Codman,* for the plaintiff. 1. The case finds that the defendants had used the passage as a place for storage, which was a purpose not authorized by the reservation in the deed of partition, and that this action was brought in part to recover for this unauthorized use; but the instructions given allowed the jury to find a verdict for the defendants, because there was no actual damage proved.

2. The reservation is of an easement only. *Boston Water Power Co.* v. *Boston & Worcester Railroad*, 16 Pick. 522. *Adams* v. *Emerson*, 6 Pick. 58. And it is to be enjoyed only according to the terms of the reservation, which are expressly limited. Gale & Whatley on Easements, 330. *Miller* v. *Bristol*, 12 Pick. 553. *Atkins* v. *Bordman*, 20 Pick. 304. *Senhouse* v. *Christian*, 1 T. R. 560. *Allan* v. *Gomme*, 11 Ad. & El. 759. *Davenport* v. *Lamson*, 21 Pick. 72. *Comstock* v. *Van Deusen*, 5 Pick. 163. *Salisbury* v. *Andrews*, 19 Pick. 253. The railway built on the premises was a new organic structure, and a use of the premises in violation of the plaintiff's rights. No such use was made of the premises at the date of the deed of partition, and that deed, under which the defendants' lessors derive their title, only reserves the right to use the passage ways in as full and ample a manner as they had theretofore been used and enjoyed.

3. The judge erred in instructing the jury that the plaintiff was not entitled to recover even nominal damages, unless some actual damage, either existing or probable, was proved. When a violation of a right is shown, the law awards damages. *Whittemore* v. *Cutter*, 1 Gallis. 433. *Byam* v. *Bullard*, 1 Curt. C. C. 101, 103. *Barnett* v. *Luther*, 1 Curt. C. C. 436. *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 247. *Hobson* v. *Todd*, 4 T. R. 71. *Miller* v. *Bristol*, 12 Pick. 553. *Davenport* v. *Lamson*, 21 Pick. 72. *Robbins* v. *Borman*, 1 Pick. 122. *Downer* v. *Boston*, 7 Cush. 277.

4. The consequence of allowing this verdict to stand will be, that a right will be gained against the plaintiff by prescription, without his being allowed to try the question of right; and this very verdict may be used to show adverse claim and possession. *Atkins* v. *Bordman*, 20 Pick. 301. *O'Linda* v. *Lothrop*, 21 Pick. 297. *Hill* v. *Crosby*, 2 Pick. 466. [SHAW, C. J. The plaintiff may avoid such consequences, by giving notice to the defendants, as provided by Rev. Sts. *c.* 60, § 28.]

*C. A. Welch*, for the defendants. 1. The point, as to the use of the passage for a place of deposit, does not appear by the bill of exceptions to have been brought distinctly to the notice

of the judge at the trial; and therefore the plaintiff cannot now maintain his exceptions on that ground.

2. The words "to be used in as full and ample a manner as they now are and heretofore have been," do not restrict the previous words in the deed of partition.  *Thayer* v. *Payne*, 2 Cush. 327, 331.  The instruction given was, in effect, that the abutters were not restricted, in their use of the passage way, to its state and condition at the time when the easement was created; but that any abutter might make any alterations and improvements to facilitate his use of it for the purpose for which the easement was originally created, if he did not interfere with the rights of others.  And this instruction was correct.  *O'Linda* v. *Lothrop*, 21 Pick. 292, 298.  *Gerrard* v. *Cooke*, 2 New Rep. 109, 115.  *Senhouse* v. *Christian*, 1 T. R. 560.  *Robbins* v. *Borman*, 1 Pick. 122.  *Underwood* v. *Carney*, 1 Cush. 285, 292.  In *Comstock* v. *Van Deusen*, 5 Pick. 163, and *Miller* v. *Bristol*, 12 Pick. 551, one party had used the land of the other for a different purpose, and not merely in a different manner, from that reserved.

3. The ruling on the subject of damages was sufficiently favorable to the plaintiff.  This action is substantially trespass *quare clausum fregit*, and will not lie in favor of the owner of the soil for any mere incumbrance of the passage way, the soil not having been subverted.  *Mayhew* v. *Norton*, 17 Pick. 357  Certainly not, when the act did not interrupt, and was in no way calculated to interfere with, the plaintiff's enjoyment and use of the land, and if he did not and was not liable to suffer any actual damage by reason of it.  *O'Linda* v. *Lothrop*, 21 Pick. 297, 298.  If the use had a tendency to jeopard the plaintiff's legal rights, the plaintiff was liable to or in danger of suffering an actual appreciable loss, and would therefore have recovered damages, under the instructions given.

SHAW, C. J.  It appears by the bill of exceptions that the plaintiff is the owner of the soil; and by a familiar rule of law, the right of possession follows the right of property, when not demised, or the right of possession transferred by the owner to another.  It appears equally clear, that the defendants were tenants for years of the two warehouses, under title derived

from those who were parties to the deed of partition, and are entitled to the right of way, and to all the easements and privileges, reserved in that deed to owners of the lots set off in severalty.

The plaintiff then was the owner of the soil, in possession, and in a condition to maintain trespass; and the question is, whether the acts done by the defendants were justifiable under their reserved rights. The defendants clearly had a right of entry for certain specified purposes, so that the mere entry of the close was not a trespass; and therefore the real question is, whether the defendants entered upon and used the land for purposes not warranted by the reservation; if so, the action lies.

We will first consider the complaint of the plaintiff, that the defendants had used the premises as a place of deposit for merchandise. It appears to us that this was a use of the soil not warranted by the reservation of a right of way to and from the warehouses. But in order not to be misunderstood, we would add, that a right of way carries with it all rights to the use of the soil, properly incident to the free exercise and enjoyment of the right granted or reserved. A right of way to a warehouse would, in our judgment, authorize the tenant of the warehouse to place on the ground goods brought to the warehouse, and keep them a reasonable and convenient length of time, to put them in store; and to place and keep goods on the ground a reasonable length of time, which are to be carried from the warehouse. And what would be reasonable and convenient, would be a question of fact, dependent on many circumstances. What would be an unreasonable length of time to leave goods on the sidewalk or in the street, when much frequented, would not be unreasonable on rear ground, when they would incommode no one having an equal right of way. But here the case expressly finds that the place was used as a place for the deposit of merchandise, which is another and distinct use from that reserved, and which, whether valuable or not, remains with the owner of the land. So the defendants seem to have thought; for, on objection being made, they ceased so to use the land as a place of deposit, and did not claim

it, as a reserved right. Still, such yielding of the right was no satisfaction for damages already accrued, however small; and therefore, it being in violation of the plaintiff's right, he was entitled to nominal damages.

We are apprehensive that, by some inadvertence, the attention of the judge was not called specially to the rule of damages applicable to this part of the case. Although the fact that the ground had been used by the defendants, as a place of deposit for merchandise, was averred in the declaration, put in issue by the answer, and damages claimed for it, yet it is obvious that the attention of the counsel was more particularly directed to the other part of the case, that of the railway.

The first part of the instructions to the jury was obviously given in reference to the plaintiff's argument, now repeated here, that the words in the reservation, " in as free and ample a manner as they now are, or heretofore have been, used and enjoyed," were words of restraint, and limited the abutter to the use of such easement, as it had before been used. But we are of opinion, that the direction given was correct; that these words do not prevent the abutter from having a full right of way, for all purposes, with all improvements, not only in the manner before used, but in any other manner of using the same right; and that the words quoted, if they had any operation, were intended to enlarge, and not restrict, the right reserved by the general terms. For instance, if it had before been a mere surface of earth, it might be improved by macadamizing, paving or planking, being limited to the use of the same right, in a manner more convenient and beneficial for those having the common right. This we think was a correct construction of the reservation. The court then went on to apply the above rule respecting improvements, to the subject of the railway, which we shall consider hereafter.

The directions of the court on the subject of damages seem in terms to apply to the whole case, and we think must have been so understood by the jury, without regard to the difference between the two distinct grounds, to wit, the use and occupation of the land for a purpose for which it was not reserved, and the

railway, which was claimed by the defendant to be a mere improvement of the right and easement reserved, and not a separate and distinct use of the land, not granted. If, for instance, the defendants used the land, for a right not granted, as for a place of deposit of goods, it was a violation of the right of the plaintiff as owner, it was in law a trespass, and though the plaintiff sustained no actual or appreciable damages, still he was entitled to maintain the action, and have a verdict for nominal damages.

Upon the other point, whether the laying down of the railway was a distinct use of the soil, for a purpose not reserved, or a reasonable improvement of the right of way reserved; the direction we think was substantially correct, though in strictness, perhaps, it was rather a question of fact than of law. We have already stated as our opinion that the defendants, with the other abutters, had a right to make improvements in the passage, so as to make it more beneficial for themselves, without injury to the owner of the land, or others having an equal right of way; but not to use it for another and distinct purpose. We think therefore it should be left to the jury to determine, from the evidence, whether the laying down by the defendants of an artificial structure of a fixed and permanent character, at their own expense and for their separate benefit, although it did not interrupt other abutters in their use of the surface as a passage way, or cause any actual damage to the owner of the soil, was or was not a use of the soil for a distinct purpose beyond that of a right of way. If it was a use for a distinct purpose, it was adverse to the right of the plaintiff; keeping it there twenty years would have given the right to the defendants to continue it. If such were its nature and character, the plaintiff would have a right to maintain his action, and recover nominal damages, in order to vindicate his right. *Newhall* v. *Ireson*, 8 Cush. 599.

But if the laying down of a platform of plank on the ground with iron rails or bars along it, on a level, or nearly on a level with the residue of the yard or passage way, was not a new and distinct use of the soil, but only an improvement of the

surface, to fit it the better for the passage of persons, teams and carriages and the transportation of merchandise, not injurious to the other abutters, nor to the owner of the land, it was not a new and distinct use of the soil; it was within the right of way reserved to the abutters, not adverse to the right of the owner, no right would be acquired by its continuance; and therefore the action could not be maintained.

Upon the first ground the court are of opinion that the ver dict ought to be set aside, and a new trial had in this court