WILLIAM HERBITS & others *vs.* CONSTITUTION INDEMNITY COMPANY OF PHILADELPHIA.

Hampden.   April 7, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Unlawful Interference. Contract,* Inducing breach of contract. *Actionable Tort.*

An attorney at law could not maintain an action of tort against an insurance company, which had issued a motor vehicle liability policy to one who inflicted upon a client of the plaintiff an injury within the terms of the policy, for damages due to the fact that the insurance company negotiated and settled directly with the client and to the exclusion of the plaintiff a claim of the client against the insured arising from such injury, where the evidence showed merely that the plaintiff had been employed by the client to prosecute such claim under a contract whereby he agreed to pay the plaintiff a fee which should be equivalent to one third of any sum secured by settlement or trial of an action brought to enforce the claim and, in the event that the action was unsuccessful, to pay the disbursements and such fee as he should be able to pay, but, as between the plaintiff and the client, there was no limitation of the client's right personally to settle the claim; that the plaintiff entered upon negotiations with the defendant; that an action of the client against the insured was instituted by the plaintiff; that an offer of settlement for $1,250 was made to the plaintiff by the defendant and was declined; and that, later, a direct settlement with the client was made by the defendant for $1,250, in such circumstances that the plaintiff was unable to collect from the client for the services he had rendered and the disbursements he had made.

TORT.   Writ dated November 12, 1930.

In the Superior Court, the action was heard by *Lummus,* J., without a jury. Material evidence is stated in the opinion. The judge ruled that upon the pleadings and the evidence the plaintiffs could not recover, and found for the defendant. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*L. C. Henin & J. I. Robinson,* for the plaintiffs.

*D. B. Wallace,* for the defendant.

DONAHUE, J. The four plaintiffs, who are attorneys at law, have sued the defendant in an action of tort. They aver in their declaration that the defendant "wilfully and maliciously and with intent to deprive the plaintiffs of the benefits, advantages and profits" of a contract of employment with a client to undertake and prosecute to a trial or settlement her action of tort for personal injuries, "did influence, persuade and induce" the client to settle her action for an inadequate amount, whereby the plaintiffs lost the benefits, advantages and profits of the contract and the value of the services rendered by them thereunder. The case is before us after a finding for the defendant on the plaintiffs' exception to the ruling of the trial judge that, as matter of law, upon the pleadings and evidence the plaintiffs could not recover. The defendant offered no evidence. The ruling excepted to was in effect a ruling that, viewing the evidence in the light most favorable to the plaintiffs, they could not recover.

The evidence tended to establish the following facts: In October, 1928, the plaintiffs' client, Mrs. Edwards, was seriously and permanently injured by the negligent operation of a motor vehicle by one Curto, who was insured by the defendant under a motor vehicle liability policy. She successively employed, or authorized the employment of, the four plaintiffs to prosecute her claim, under a contract whereby she agreed to pay them a fee which should be equivalent to one third of any sum secured by settlement or trial of her case and, in the event that the suit was unsuccessful, to pay the disbursements and such fee as she should be able to pay. The plaintiffs, under their employment, investigated the circumstances of the accident, entered a suit against Curto, and negotiated with representatives of the defendant. The defendant employed attorneys to defend the suit who entered their appearance and filed an answer. Following negotiations between the plaintiffs and representatives of the defendant, the latter offered to pay

$1,250 in settlement of the claim, but this was declined by the plaintiffs' client on the ground that the amount was inadequate. Shortly before the case would have been reached for trial in September, 1930, the plaintiffs were informed by the defendant's attorneys of the fact that in May, 1930, the defendant had settled directly with the plaintiffs' client in Detroit, had paid her $1,250, and had been given a release by her. In December, 1930, the plaintiffs' client was nonsuited at the request of the defendant's attorneys. The plaintiffs have written to their client with reference to compensation but have received no reply. They have been paid nothing for the services they have rendered or in reimbursement for moneys necessarily spent by them in prosecuting the case.

While the evidence does not warrant the finding that the defendant actually knew that by the terms of their contract of employment the plaintiffs' fee was to be based upon the amount, if any, paid in settlement or after trial of the case, it knew that there was an employment and that services had been rendered by the plaintiffs. It could be fairly inferred that the defendant knew that a settlement on a basis more advantageous to it would be reached in dealing directly with the client where the payment of the fee earned by the plaintiffs need be given little or no consideration in fixing the sum to be paid. It could be found on the evidence that, by reason of the settlement made by the defendant without the knowledge of the plaintiffs or its own attorneys, the plaintiffs have been unable to collect from their client for the services they have rendered and the disbursements they have made.

The plaintiffs assert the right to recover under the doctrine that a defendant, who has intentionally interfered with the right of the plaintiff to have the benefit of a contract by causing the plaintiff's cocontractor to break it, commits a legal wrong if the defendant acted with ill will or without legal justification. *Berry* v. *Donovan,* 188 Mass. 353, 356. *Wheeler-Stenzel Co.* v. *American Window Glass Co.* 202 Mass. 471, 473. *Anderson* v. *Moskovitz,* 260 Mass. 523, 526. The mere intentional causing of the loss of benefits or profits

under a contract is not in itself actionable. To constitute a legal wrong there must be, in addition, either actual ill will or purpose to harm (the finding of which is not here warranted) or the lack of legal justification. A defendant, "acting in the exercise of an equal or superior right which comes in conflict" with the right of a plaintiff under his contract, may lawfully interfere with such right of the plaintiff. *Moore Drop Forging Co.* v. *McCarthy*, 243 Mass. 554, 562. *Lukas* v. *Tarpilauskas*, 266 Mass. 498. *Conway* v. *O'Brien*, 269 Mass. 425, 426. But there is no occasion for the ascertainment of legal justification or its lack, by a comparison and weighing of the respective rights of the parties to such an action unless words or acts of the defendant deprived the plaintiff of some advantage or benefit to which he is entitled by reason of his contract. In this case the act of the defendant which is complained of is the influencing, persuading and inducing the plaintiffs' client to settle her tort action for an inadequate amount. It is not alleged or contended that she was defrauded. The contract between the plaintiffs and their client did not attempt to put any limitation on her right personally to settle the case or on the amount which should be accepted by her in settlement. In this Commonwealth an attorney who prosecutes a suit has no lien for his fees or disbursements until after a final judgment has been entered. G. L. c. 221, § 50. He may not, upon the bringing of a suit for personal injuries to his client, protect himself for the amount of his fee by an assignment, since such a right of action is not assignable before judgment. *Bennett* v. *Sweet*, 171 Mass. 600. *Sibley* v. *Nason*, 196 Mass. 125, 130. *White Sewing Machine Co.* v. *Morrison*, 232 Mass. 387. His client may without his consent or knowledge settle a pending suit brought and prosecuted by him. *Getchell* v. *Clark*, 5 Mass. 309. *Simmons* v. *Almy*, 103 Mass. 33. The settlement made by the plaintiffs' client was within her contract rights. She committed no breach of her contract with the plaintiffs by making the settlement. It follows that the defendant who induced her to make it committed no legal wrong against the plaintiffs.

*Exceptions overruled.*