G. JOSEPH TAURO vs. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, & another.

Suffolk.   May 19, 1936. — May 24, 1937.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Unlawful Interference. Actionable Tort. Attorney at Law.*

The procuring, by the insurer of the defendant in an action of tort, of a settlement with the plaintiff, then known to be represented by an attorney, could not be found to have been unlawful interference with a contract of employment of the attorney to prosecute the action to trial or settlement.

TORT. Writ in the Superior Court dated January 18, 1936.

A demurrer by the defendant was sustained by order of *Walsh*, J. The plaintiff appealed.

The case was submitted on briefs.

*E. M. Dangel & L. E. Sherry*, for the plaintiff.

*J. F. Cavanagh*, for the defendants.

DONAHUE, J. A judge of the Superior Court sustained the demurrer of the defendants to the declaration of the plaintiff in an action of tort brought against the defendant insurance company and its local claim manager. The plaintiff has appealed.

The allegations in the declaration are here summarized.

The plaintiff, an attorney at law, was employed by one Johnson to prosecute to a trial or settlement a "tort action" which Johnson "had" as the result of being injured by an automobile owned by a corporation and operated by its agent; as a result of his employment the plaintiff brought actions on behalf of Johnson against the corporation and its agent, and also guaranteed doctor's bills and other bills for services rendered Johnson in connection with the tort actions; the "defendant" employed an attorney to defend those actions; the "defendant," knowing that the plaintiff had started the actions, "wilfully and maliciously and with intent to deprive the plaintiff of the benefits, advantages and profits that the plaintiff would otherwise have made and received from his said employment, did with either actual ill will or purpose to harm or without legal justification, influence, persuade and induce the said . . . Johnson to settle his tort actions for an inadequate amount, although the defendant's assured was at the time represented by counsel employed by the defendant, and by reason of the said wilful and malicious acts of the defendant, the plaintiff wholly lost the benefits, advantages and profits of said contract with said . . . Johnson and lost the value of the services rendered under said employment, together with other damages."

The asserted basis of the plaintiff's action is the malicious procurement by the defendants of a breach of a contract between the plaintiff and his client. But the facts alleged in the declaration do not warrant the conclusion that the client broke his contract with the plaintiff. The employment of the plaintiff as an attorney to prosecute to a trial or settlement a claim for personal injuries did not prohibit the client from making a settlement with the opposing party. In this Commonwealth a claim for damages for personal injuries is not assignable, and an attorney rendering services in connection therewith has no lien, until after a final judgment has been obtained. The settlement made by the plaintiff's client with the defendant insurance company was within the client's right and was not a breach of his contract with the plaintiff.

The decision in this case is governed by *Herbits* v. *Constitution Indemnity Co.* 279 Mass. 539, wherein the pleadings and the facts do not differ essentially from those in the present case.

The order sustaining the demurrer is affirmed and judgment must be entered for the defendants.

*So ordered.*