Wilson, J.
This is an action of tort in which the plaintiff, an attorney at law, seeks to recover damages caused by the alleged unlawful interference by the defendant with a contract between the plaintiff and one Clark. The answer of the defendant was a general denial. The report purports to contain all the material evidence.
At the trial there was evidence tending to show that said Clark was injured while in the employ of the Bay State Smelting Corporation, under circumstances which might render said corporation liable to him for damages; that said Clark on or about December 12, 1936, entered into a contract with the plaintiff, giving the plaintiff exclusive right to prosecute and settle said claim, and said Clark agreeing not to negotiate or attempt to settle said claim himself without the consent of the plaintiff, and fixing a fee for the plaintiff’s services at a sum equal to óne-third of any sum recovered. Thereafter the plaintiff notified said corpo *606 ration that he represented said Clark, conferred with the corporation regarding settlement of said claim, and on or about December 22, 1936, brought suit against said corporation in behalf of said Clark, making an attachment of funds in a bank.
There was also evidence tending to show that the defendant, having full knowledge of the plaintiff’s employment, sought out said Clark and effected a settlement of said claim of Clark against said corporation.
The defendant in answer to interrogatories propounded by the plaintiff stated that he was not an officer, director or stockholder of said corporation, but there was evidence that he was employed by said corporation as a salesman. No other evidence appears to have been introduced as to the ownership of said corporation or the connection of the defendant with it.
The court found for the defendant.
The plaintiff seasonably presented twelve requests for rulings, all of which the trial court denied. The eleventh and twelfth were waived by his counsel at the argument before this Division. The tenth was properly refused. It does not contain the specifications required by the District Court Rules (1932) Rule 27. See Holton v. American Pastry Products Co., 274 Mass. 268.
The' remaining requests upon which the plaintiff now relies are as follows:
1. An action lies for wrongfully inducing an employer to break a contract of employment whether by making false statements against the employee or other means.
2. The fact that the plaintiff, John J. Tobin’s contract with Andrew J. Clark was terminable at will does not affect John J. Tobin’s right to recover.
3. The right of the plaintiff to have the benefit of his contract is. a right which can lawfully be. inter *607 fered with only by the defendant when he is acting in the exercise of an equal or superior right which comes in conflict with the right of the plaintiff.
4. As a matter of law any interference by Lewis Sovrensky with the contract between Andrew J. Clark and John J. Tobin was unlawful.
5. As a matter of law any interference by Lewis Sovrensky with the contract between Andrew J. Clark and John J. Tobin was without legal justification.
6. As a matter of law it is not within the scope of employment of an employee, employed as a salesman to adjust a claim of a fellow employee against their employer arising out of injuries sustained in the employment.
7. As a matter of law it is not within the scope of employment of an employee, employed as a salesman to interpret the law relative to their employer’s liability on a claim of a fellow employee against their employer arising out of injuries sustained in the employment and to induce said fellow employee by said interpretation of the law, or otherwise, to settle the claim with the employer.
8. As a matter of law the settlement of his claim by Andrew J. Clark without the consent of the plaintiff, John J. Tobin, was a breach of contract between said Andrew J. Clark and John J. Tobin.
9. Upon all the evidence the defendant unlawfully and without legal justification procured a breach of the plaintiff’s contract with Andrew J. Clark to the damage of the plaintiff.
The trial court also found that the settlement of Clark’s case against said corporation was the result of the efforts of the defendant. He found that Clark committed no breach of his contract with the plaintiff, that the agreement between Clark and the plaintiff did not preclude Clark from negotiating a settlement with said corporation on his own account, and that the defendant, who induced Clark to make a settlement with the corporation, committed no legal wrong against the plaintiff.
*608 All the evidence pertaining to the terms of the plaintiff’s contract of employment were oral. What were in fact the terms thereof were for the trial court. ' In arriving at a conclusion as to that issue he could accept or disregard the whole or any part of the oral testimony heard by him- The credibility of the witnesses is exclusively for the trial judge. Standard Oil Co. of N. Y. v. Malaguti, 269 Mass. 126, 129. Topjian v. Boston Casing Co., 288 Mass. 167. MacDonald v. Adamian, Mass. Adv. Sh. (1936) 851, 854.
Findings of fact made on oral evidence are not reviewable by the Appellate Division. Herman v. Sadolf, Mass. Adv. Sh. (1936) 1067, 1068. Engel v. Checker Taxi Co., 275 Mass. 471. Winchester v. Missin, 278 Mass. 427, 428. Mahoney v. Norcross, 284 Mass. 153. Dolham v. Peterson, Mass. Adv. Sh. (1937) 1019, 1021.
It is apparent from his findings of fact that the trial court did not find the evidence supported the claim of the plaintiff that said Clark “agreed not to negotiate or attempt to settle said claim himself.” The court found only that “Clark entered into an agreement with said plaintiff which purported to give the plaintiff exclusive right to prosecute and settle said claim.”
Upon consideration of the agreement,. as so found by the trial court, said Clark had a right to settle the claim himself. Tauro v. General Accident Fire and Life Assurance Corp. Ltd., Mass. Adv. Sh. (1937) 647. Herbits v. Constitution Indemnity Co., 279 Mass. 539, 542.
There was, therefore, as found by the trial court, no breach of the contract between the plaintiff and said Clark.
To entitle the plaintiff to recover in this action, there must have been a breach of his contract with the defendant. Tauro v. General Accident Fire and Life Assurance Corp., Ltd., supra. Herbits v. Constitution Indemnity Co., supra.
*609 Whether such a contract is unenforceable, as against public policy, see North Chicago Railroad Company v. Ackley, 171 Ill. 100, 112, Cameron v. Barancik, 173 Ill. App. 23, 26, does not appear to have been an issue at the trial.
In the case of Herbits v. Constitution Indemnity Co., 279 Mass. 539, 541, the rule of liability was thus stated:
“The mere intentional causing of the loss of benefits or profits under a contract is not in itself actionable. To constitute a legal wrong there must be, in addition, either actual ill will or purpose to harm ... or the lack of legal justification.”
The trial court in. his fact finding capacity has found “that the defendant was not actuated by any ill will or purpose to harm the.said defendant.” That was an issue of fact for his determination alone. Berry v. Donovan, 188 Mass. 353, 357.
It has been said, as regards the liability for procuring a breach of contract, that justification may be found only in the exercise of an equal or superior right. Moore Drop Forging Co. v. McCarthy, 243 Mass. 555, 562. Herbits v. Constitution Indemnity Co., 279 Mass. 539, 541.
On the issue of such justification, the trial court found as ■follows:
“I find that the defendant was in fact the real owner of all the stock of said corporation, although he was not an officer or director of said corporation and was employed only as a salesman by said corporation.”
The report, which purports to contain all the material evidence, contains no evidence upon which that finding of ownership could be made or from which it could be fairly inferred. The evidence reported warranted only a finding that the defendant was a salesman employed by said corporation.
But the whole issue of justification became immaterial because the trial court found that there was no breach of *610 the contract between the plaintiff and defendant Therefore, this unsupported finding of the court falls into the class of harmless error.
Because of the findings of fact made by the trial court, the remaining requests fall within the class of requests not pertinent to decisive aspects of the evidence which need not be given. Liggett Drug Co. Inc. v. License Commissioners, Mass. Adv. Sh. (1936) 2127, 2128. Karlsberg v. Frank, 282 Mass. 94. Crowninshield Shipbuilding Co. v. Jackman, 283 Mass. 31. Marangian v. Apelian, 286 Mass. 429, 437. Commonwealth v. Clark, Mass. Adv. Sh. (1935) 2444. Adamaitis v. Metropolitan Life Insurance Co., Mass. Adv. (1936) 1601, 1606.
No prejudicial error appears in the record before us and the report is dismissed.