SAMUEL P. BACKMAN *vs.* EDWARD GUILIANO.

Essex. February 2, 1954. — March 10, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Unlawful Interference. Broker,* Commission.

In an action by a real estate broker for alleged unlawful interference
with his contractual rights, findings from which it appeared that after
the plaintiff had given the defendant information about property listed
with the plaintiff for sale the defendant, by falsely representing to the
owner of the property that he had not been solicited by a broker, in-
duced the owner to sell him the property at a lower price than the
owner otherwise would have sold it to him and that the plaintiff's
efforts were the efficient cause of the sale, but did not appear that the
defendant caused the owner to terminate the plaintiff's employment,
did not show that the plaintiff had been deprived of his commission
by the defendant and did not entitle the plaintiff to recover.

TORT. Writ in the District Court of Southern Essex
dated September 23, 1948.

The action was heard by *Johnson, J.*

In this court the case was submitted on briefs.

*William E. Sisk, Richard L. Sisk, & Rosa S. Backman,*
for the plaintiff.

*Joseph B. Clancy & Edwin J. Coughlin,* for the defendant.

WILLIAMS, J. This is an action of tort to recover damages
for the alleged interference by the defendant with the con-
tractual rights of the plaintiff. According to the findings of
a judge of the District Court the plaintiff was one of several
real estate brokers "engaged" by one Fame to sell a certain
parcel of real estate. The plaintiff gave the defendant
information concerning the property and the latter after
some negotiation told the plaintiff that, "If I'm interested,
I'll contact you" and "I'll let you know." Thereafter the
defendant went to Fame and by falsely representing to
him that he, the defendant, had not been solicited by a
broker induced Fame to sell him the property at a lower
price. The defendant's act was "malicious" in that it was

intended to deprive the plaintiff of a commission. Fame would not have sold the property for the lesser amount if he had believed that he would be obligated to pay a commission. As the plaintiff's effort was the "sole and efficient cause" of the sale to the defendant he was deprived of a commission. The judge ruled, however, as matter of law that "defendant's acts were not tortious on which plaintiff might predicate a suit for damages" and found for the defendant. He reported the case to the Appellate Division for determination of the correctness of this ruling. The Appellate Division dismissed the report and the plaintiff appealed.

It is a general principle that, if damage is caused, an intentional invasion of a legally protected interest without legal justification creates liability. *Moran* v. *Dunphy*, 177 Mass. 485, 487. *Ross* v. *Wright*, 286 Mass. 269, 271. *Caverno* v. *Fellows*, 300 Mass. 331, 333. *Owen* v. *Williams*, 322 Mass. 356, 360. The interest of the plaintiff which he contends was invaded by the defendant was the right created by his engagement as a broker to sell Fame's real estate. There was, in effect, a listing of the property with him for sale. See *Elliott* v. *Kazajian*, 255 Mass. 459, 461, and cases cited. Presumably it was understood that Fame would pay him a commission if he should become the efficient cause of accomplishing the object for which he was engaged, whether that object was the procuring of a customer able, ready, and willing to buy upon Fame's terms or the effecting of an actual transfer of title upon such terms. *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 616. It does not appear that the defendant caused Fame to terminate the plaintiff's employment. In fact by purchasing the property from Fame on terms satisfactory to him (see *Blood* v. *Jenkins*, 312 Mass. 691; *Morad* v. *Haddad*, 329 Mass. 730, 734), he completed the sale which the plaintiff had been employed to effect. The latter has not been deprived of his commission. The case is governed by *McAuslan & Nutting, Inc.* v. *Futurity Thread Co.* 254 Mass. 216. See also *Shapiro* v. *Segal*, 316 Mass. 556.          *Order dismissing report affirmed.*