*Southern District*
## MAURICE GAMACHE
v.
## DOMINA H. SURPRENANT
and
## CONRAD SURPRENANT

*Present*: Nash, P. J. & Cox, J.

Case tried to ———, *J.*

*Cox, J.* This is an action of tort based on allegations that the defendants on or about November 9, 1961 unlawfully and maliciously induced a corporation known as Muffler System, Inc. of Fall River to break its contract of employment with the plaintiff.

There was a finding for the plaintiff in the sum of $500.

The question raised by the report is whether the finding for the plaintiff can be sustained.

The parties are all the stockholders and directors of Muffler System, Inc. The corpo-

ration was organized in 1959. In September of that year the plaintiff was hired by the defendants to be the manager of the business of the corporation. He was elected president and a director. He, with the defendants, were the three directors.

The plaintiff gave up a job in Connecticut to become associated with the company. His salary as manager was $80. per week. It does not appear that there was any written contract of employment between the plaintiff and the corporation. No other terms of the plaintiff's employment, other than his weekly rate of salary, are reported.

The defendants are brothers. The plaintiff is their cousin. The relationship between plaintiff and the defendant Domina Surprenant was acrimonious. Differences of opinion continually arose between the plaintiff and Domina Surprenant over business procedures and details. Domina Surprenant harrassed and annoyed the plaintiff in the conduct of the business. During the summer of 1961 Domina Surprenant signed the plaintiff's name to some corporate checks payable to the Internal Revenue Service without the knowledge or approval of the plaintiff. This resulted in bad feeling between the two men. All corporate checks required both their signatures. Later in the same year Domina Surprenant increased by $15. weekly his own salary as treasurer. The directors had not authorized the increase. The plaintiff refused to sign the salary check of Domina Surprenant

who reciprocated by refusing to sign the plaintiff's salary checks. This impasse over the salary checks continued until the end of the plaintiff's employment as manager on November 9, 1961.

On November 7, 1961 Domina Surprenant gave the plaintiff notice of a directors' meeting to be held as New Bedford on November 9, 1961. The plaintiff went to the meeting with his attorney who was denied admission to the meeting by the defendants. The three directors met in a private office. A bitter argument ensued between the parties concerning the corporation. The plaintiff left the room. The defendant Conrad Surprenant informed the plaintiff that unless he attended the meeting "they would get rid of him." The plaintiff left. Next morning he was handed a copy of a vote discharging him as an employee of the corporation. The report states that the vote was that taken at a stockholders' meeting on November 9, 1961. That appears to be a mistake. The sworn certificate of Domina Surprenant the clerk is that both a special stockholders' meeting and a special directors' meeting were held on November 9. The corporate records show that the vote discharging the plaintiff as an employee of the corporation was in fact a vote of the two directors, the brothers Surprenant.

■ The contention is made that the directors' meeting on November 9 was irregular and ineffective. The contention is based on a vote of the directors of July 29,

1959 providing that the president should have power to call meetings of directors and should call a meeting whenever requested to do so by a director. The contention would not appear to be available to the plaintiff for the reason that the vote removing him as manager forms the basis for this action. The vote was sufficient to effect his removal as manager and he obviously so regarded it. But we think the vote was not irregular. The plaintiff responded to the call of the meeting at New Bedford on November 9, 1961. He left the meeting knowing he would be discharged unless he continued his attendence. Under the circumstances the brothers Surprenant constituted a quorum to act and the plaintiff cannot now be heard to complain that the meeting was irregular. *Hurley v. Ornsteen,* 311 Mass. 477, 480, 481; *Winchell v. Plywood Corp.,* 324 Mass. 171, 175.

It has been held that ". . . one who, without a privilege to do so, induces or otherwise causes a third person not to . . . enter into or continue a business relation with another is liable to the other for the harm caused thereby." The quotation is from Restatement: Torts, §766 and appears in *Owen v. Williams,* 322 Mass. 356, 360. That case states at page 360, "Our own decisions appear to be in accord with this statement." Cases are there cited. As in that case, so in this, the decisive inquiry, therefore, "is whether a privileged occasion existed upon which the defendant(s) can rely as justification for

knowingly and intentionally causing damage to the plaintiff." On this issue of justification the burden of proof rests on the defendants. *Owen v. Williams,* 322 Mass. 356, 360 and cases there cited.

In *Herbits v. Constitution Indemnity Co.,* 279 Mass. 539, 542 it is observed that "A defendant, 'acting in the exercise of an equal or superior right which comes in conflict with the right of a plaintiff under his contract, may lawfully interfere with such right of the plaintiff." Cases on the point are there cited. See also *Backman v. Guiliano,* 331 Mass. 231.

In the case at bar, the defendants acting as directors of the corporation, were within the proper exercise of their powers in discharging the plaintiff. The authority to hire and discharge personnel in connection with the business of a corporation is an authority primarily vested in the board of directors. The corporation is bound by their acts which become the acts of the corporation. *Kelly v. Citizens Finance Co. of Lowell, Inc.,* 306 Mass. 531, 532, 533. It follows, therefore, that in discharging the plaintiff as general manager of the corporation the defendants as directors were acting in the exercise of an equal or superior right which came in conflict with such rights as the plaintiff had under his contract of employment as general manager. The defendants as directors could lawfully interfere with such rights of the plaintiff. *Moore Drop Forging Co. v.*

*McCarthy,* 243 Mass. 554, 562; *Willett v. Herrick,* 258 Mass. 585, 604; *Herbits v. Constitution Indemnity Co.,* 279 Mass. 539, 541, 542; *Caverno v. Fellows,* 286 Mass. 440, 442, 443; 300 Mass. 331, 337-339; *Comerford v. Meier,* 302 Mass. 398, 401, 402.

The record before us does not support a finding for the plaintiff. Accordingly, the finding for the plaintiff should be reversed and judgment ordered for the defendants.