**OLD COLONY DONUTS, INC., d/b/a Jollie Donuts**

v.

**AMERICAN BROADCASTING COMPANIES, INC., et al.**

**Civ. A. No. 73–1377–C.**

United States District Court, D. Massachusetts.

Jan. 10, 1974.

Leonard Kopelman, Judith E. Soltz, Kopelman & Soltz, Boston, Mass., for plaintiff.

Michael J. Liston, John R. Hally, Nutter, McClennen & Fish, Boston, Mass., for defendants.

## OPINION

**CAFFREY, Chief Judge.**

This is a civil action sounding in tort brought by plaintiff, a corporation organized under the laws of the Commonwealth of Massachusetts, against the American Broadcasting Companies, Inc., a corporation organized under the laws of the State of New York; Alan Lansburg Productions, Inc., a corporation organized under the laws of the State of California; Bristol-Myers Co., Inc., a corporation organized under the laws of the State of Delaware; and Lawrence D. Savadove and Robert Young, citizens of California. Plaintiff operates a donut shop in Boston, Massachusetts under the name of "Jollie Donuts." The action arises out of the presentation on television, on the ABC network, of a program sponsored by Bristol-Myers, produced by defendants Alan Lansburg Productions and Lawrence D. Savadove, and narrated by defendant Young. The complaint alleges the program was broadcast in Massachusetts over Channel 7, WNAC TV, at 10:00 p. m. on May 4, 1971, and at other times subsequent thereto. Jurisdiction of this court is based on 28 U.S.C.A. § 1332.

Plaintiff's complaint purports to set out four separate causes of action, all based on the presentation by the ABC network and its local outlet on May 4, 1971 of a program entitled "How to Stay Alive." The first cause of action charges that defendants intentionally interfered with plaintiff's business relations; the second cause of action alleges that pictures of plaintiff's donut shop and business name were used in the TV program without plaintiff's consent or authorization, in violation of Mass.G.L. c. 214, § 3A; the third cause of action alleges in substance that defendants' agents or employees trespassed on plaintiff's property by entering plaintiff's place of business and taking pictures without obtaining plaintiff's permission to do so, as well as by taking pictures of plaintiff's place of business from the outside; and the fourth cause of action charges that the program was derogatory of plaintiff's business and was intended by defendants to prevent other persons from dealing with plaintiff and from consuming plaintiff's products, i. e., that defendants publicly disparaged plaintiff's products.

The matter is before the Court on defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted. The motions to dismiss were orally argued and briefed by the parties and defendants have filed as an attachment to their memorandum of law the actual script of the TV program under attack. The motions will be treated herein as being separately addressed to each of the four causes of action alleged in plaintiff's complaint.

The first cause of action purports to be for intentional interference with plaintiff's advantageous contractual relations. It is settled Massachusetts law that the elements which constitute this tort and must be alleged and proved by the plaintiff are: (1) a legally protected interest, (2) intent, (3) conduct which is either *per se* unlawful or is conducted with malice, and (4) damages. Walsh v. O'Neill, 350 Mass. 586, 588–589, 215 N.E.2d 915 (1966); Caverno v. Fellows, 300 Mass. 331, 333, 15 N.E.2d 483 (1938). The complaint herein satisfies the first two of the four elements necessary to state a cause of action for interference with advantageous relations, i. e., the plaintiff's ownership of a legally protected interest and intentional conduct on the part of the defendants. Plaintiff also alleges that it has suffered money damages. The third element, *per se* unlawful or malicious conduct, is not alleged in the complaint. In the absence of such allegation, in order for plaintiff to prevail, its complaint must be construable as charging that defendants' interference was without legal justification. According to Massachusetts law, legal justification is an affirmative defense that must be pleaded and proved by the defendant and a cause of

action can be stated without negativing legal justification. Ross v. Wright, 286 Mass. 269, 271–272, 190 N.E. 514 (1934).

■ Defendants assert in their memorandum that their legal justification for presenting this program is found in their First Amendment rights to freedom of speech concerning matters of public interest—in this case, the causes of heart disease which, from the script attached, was obviously the subject matter of the program under attack. It is now well-established that in matters of public interest the exercise of First Amendment rights establishes a qualified constitutional privilege against tort liability. New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1967); Time, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967). Qualified privilege has prevailed under state law in an analogous situation to the instant case in Krebiozen Research Foundation v. Beacon Press, Inc., 334 Mass. 86 at p. 99, 134 N.E.2d 1 at p. 9 (1956), where the court observed:

"In cases of torts perpetrated by means of spoken or written words, the public interest in the freedom of speech frequently comes into conflict with the public interest in the prevention of tortious harms. Adjustments of this conflict must be made as best they can, in the light of the circumstances of each case, and in the light of the basic policies underlying each public interest. Sometimes the public interest in the freedom of speech prevails. For example, the public's concern with matters affecting health justifies denial of injunctive restraint of a newspaper's exposé of the supposed qualities of a patent medicine." (Citing Restatement: Torts, § 942).

It should be noted that in cases within the penumbra of the First Amendment a special situation exists vis-a-vis so-called "affirmative defenses." Normally under Massachusetts law the burden of alleging and proving an "affirmative defense" rests upon the defendant. But

under the Supreme Court's ruling in Time, Inc. v. Hill, 385 U.S. 374, 387, 87 S.Ct. 534, 541, the burden is on the plaintiff to allege facts sufficient to overcome the claimed First Amendment privilege of legal justification, i. e., plaintiff must (but does not) allege "actual malice—knowledge that the statements are false or in reckless disregard of the truth."

In the instant case, to prevail against defendants' First Amendment privileges plaintiff would have to, but does not, allege express malice or reckless and wanton disregard of the truth on the part of defendants. In the absence of any such allegations, the first cause of action relied on by plaintiff fails to state a claim upon which relief can be granted. Because it is necessary to an understanding of this case, the Court has adverted to the script appended to defendants' memorandum of law, as well as to the affidavits of John E. Premack and Lawrence D. Savadove. Thus, this Court will treat defendants' motion under Rule 12(b)(6) as a motion for summary judgment under Rule 56, since the Court has considered matters outside the pleadings in resolving this matter. I rule that the script of the program and the affidavits clearly establish that the broadcast in question concerned a matter of public interest, causes and prevention of heart disease, privileged under the First Amendment, and that, consequently, the defendants are entitled to judgment as a matter of law against the allegation of intentional and tortious interference with plaintiff's contractual relations.

■ Plaintiff's second theory of liability is based on Mass.G.L. c. 214, § 3A, which forbids the unauthorized use of a person's name, portrait or picture for advertising purposes or for purposes of trade. It would appear that the decision of the Supreme Court in Time, Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967), which contained a claim under the New York State Right to Privacy statute, was adverse to the plaintiff. The New York statute was

similar in language and import to Mass. G.L. c. 214, § 3A. Thus, it would appear that defendants' First Amendment privilege would override any cause of action under the Massachusetts statute.

■■ The third cause of action in plaintiff's complaint purports to be in tort for trespass, consisting of an allegation that employees or agents of defendants entered plaintiff's premises without permission from plaintiff, and without plaintiff's knowledge, and took films of the interior of plaintiff's premises, thereby allegedly causing damages to plaintiff.

The allegations of this complaint facially state a cause of action in tort for trespass. However, an uncontroverted affidavit filed by John E. Premack establishes that the taking of pictures on plaintiff's premises occurred during the fall of 1970 and, in no event, later than January of 1971. Mass.G.L. c. 260, § 2A, imposes a two-year time limit on actions of tort for trespass. The time stamp on the complaint indicates that it was filed on May 2, 1973. Thus, Count 3 is barred by the statute of limitations. Plaintiff has attempted in its brief to circumvent the running of the statute of limitations with the contention that the trespass was not completed until May 4, 1971 when the films were first shown on television. However, this contention is not tenable in light of decisions of the Supreme Judicial Court that damages are not an essential element of the tort of trespass. See Sheppard Envelope Co. v. Arcade Malleable Iron Co., 335 Mass. 180, 188–189, 138 N.E.2d 777 (1956); Appleton v. Fullerton, 67 Mass. (1 Gray) 186, 190 (1854). See, also, Federal Insurance Co. v. Summers, 330 F. Supp. 1041, 1043–1044 (D.Mass.1970), and Attleboro Mfg. Co. v. Frankfort Marine Accident & Plate Glass Co., 240 F. 573, 580 (1st Cir., 1917).

■ Plaintiff's fourth cause of action purports to be one for "intentional disparagement" of the plaintiff's business within the ruling of Lawrence Trust Co. v. Sun-American Publishing Co., 245 Mass. 262, 266, 139 N.E. 655 (1923). It would appear from the cited decision of the Supreme Judicial Court that in order to state a cause of action for intentional disparagement, the complaint must allege the inflicting of intentional harm to the plaintiff's business by the use of false and misleading statements published by the defendants. The instant complaint contains no allegation that any statements made by defendants are false and misleading. Hence, for lack thereof no cause of action is stated under the doctrine of the *Lawrence Trust Co.* case, *supra*. Additionally, even if a cause of action were stated, this count likewise must be ruled subject to the same First Amendment infirmities which have been ruled above to be fatal to purported causes of action Nos. 1 and 2 herein.

In summary, plaintiff's purported first, second and fourth causes of action fail in the light of defendants' First Amendment privileges, and the purported second cause of action is barred by the running of the statute of limitations.