ABBOTT RENTAL COMPANY, INC. *vs.* HAROLD B. POSTER & another. June 20, 1974. This is an appeal from an order which overruled a demurrer to a declaration in tort for deceit. Following the entry of the order overruling the demurrer the defendant was defaulted for failure to answer the plaintiff's interrogatories, and the court assessed damages in favor of the plaintiff. The demurrer was based on six grounds, among which were that the declaration did not state a cause of action, that separate causes of action were improperly joined in a single count, and that necessary facts were not stated concisely and with substantial certainty (as required by G. L. c. 231, § 7, Second). Although the vagueness and lack of organization of the declaration

make its interpretation difficult, we understand the plaintiff to allege that as a result of the defendant's fraudulent representations he entered into two contracts with a certain corporation, discontinued an action at law brought to recover for breaches of those contracts, entered into a third contract with the same corporation, and did not levy execution on a judgment secured in a later action for breach of contract. It is also alleged that the defendant made improper use of the corporation's name and violated various unspecified Massachusetts corporation laws. It is apparent from this summary that the declaration was open to demurrer because at least two causes of action were joined in a single count. See G. L. c. 231, § 7, Fourth; *Shattuck* v. *Marcus,* 182 Mass. 572 (1903); *Walsh* v. *O'Neill,* 350 Mass. 586, 588-589 (1966). We are of the opinion that the declaration also violated G. L. c. 231, § 7, Second. See *De Sa* v. *Sniger, ante,* 819 (1974). Because of these defects, it was impossible for the defendant to plead to the declaration intelligently and with directness. *Grandchamp* v. *Costello,* 289 Mass. 506, 507 (1935). *Webber* v. *Johnson,* 342 Mass. 455, 459 (1961). We do not reach the further issue of whether the declaration sets forth a cause of action in deceit. See *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167 (1923); *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583, 585 (1943). The finding for the plaintiff is vacated; the order overruling the demurrer is reversed, and a new order is to be entered sustaining the demurrer; the default is vacated; any amendment of the declaration is to be in the discretion of the Superior Court.

*So ordered.*

The case was submitted on briefs.
*William D. Joyce* for the defendant Poster.
*Robert S. Marsh & Robert L. Dolan* for the plaintiff.