SAMUEL DERICKSON and JAMES D. ACKERMAN agt. PHILIP McCARDLE.

Where a motion was made by the defendant's attorney to set aside default, judgment, &c., and it appeared that defendant's attorney had received information before the motion was made, that the defendant did not wish to defend the suit, or to have the motion made; and had executed a writing directed to defendant's attorney, to countermand the notice of motion, which writing (as

appeared) was not served on defendant's attorney, and he did not know of it until the motion was made; the motion was denied, with costs, and defendant's attorney would have been ordered to pay the costs of opposing the motion, had the written notice been served upon him before making it.

*June Term*, 1846.

MOTION by defendant to set aside default and subsequent proceedings, *for irregularity, with costs.     [*197]

It appears from defendant's papers, that this was an action of assumpsit, commenced by declaration against McCardle and one John Gatens, defendants. Plea, non-assumpsit and notice of set-off as to defendant Gatens. Issue joined 26th January, 1846. Venue laid in the city and county of New-York. Defendant McCardle resided at Jamaica, L. I. Defendant Gatens made an affidavit of merits, which was filed, and copy served with plea and notice. On or about the 19th February, 1846, defendant's attorney, at the request of plaintiffs' attorney, signed a consent that plaintiffs discontinue the suit as to defendant Gatens, and on the same day plaintiffs' attorney served upon defendant's attorney a notice that the suit had been discontinued as against the defendant Gatens. On the 20th May last, defendant's attorney learned, accidentally, that the plaintiffs' attorney had taken judgment by default against defendant McCardle in February last, and had assessed damages and taxed his costs, without giving any notice to defendant's attorney. Defendant's attorney served notice of retainer on plaintiffs' attorney for both defendants, McCardle and Gatens.

The papers on the part of the plaintiffs showed that McCardle had stated that he had no defence to the suit, and on the 29th of May last he signed a notice, directed to defendant's attorney, as follows (title of the cause) : " Please countermand the notice to set aside judgment in the above cause." Plaintiffs' attorney saw S. C. Williams, Esq., the counsel for McCardle, a few days before the motion made, and he, Williams, informed plaintiffs' attorney that the motion would not be made, and requested plaintiffs' attorney to get a countermand from defendant's attorney of the notice of motion, which de-

fendant's attorney declined to give, stating, as a reason, that his costs had not been paid. It did not appear that the written notice by McCardle, of countermand, had ever been served on defendant's attorney, or that he knew of it until on the argument of the motion, although plaintiffs' attorney had previously stated in effect, to defendant's attorney, that McCardle did not wish the motion to be made, and if it was made plaintiffs' attorney would get McCardle's affidavit to that effect; but did not get it, for the reason (as stated by plaintiffs' attorney), that McCardle was absent until it was time to attend to the motion.

————, *defendant's counsel.*
————, *plaintiffs' counsel.*

JEWETT, Justice. Denied the motion with $7 costs, on the ground that it appeared McCardle did not wish to [*198] defend the suit, or to have the motion *made, and defendant's attorney must have known it. If defendant's attorney had been served with the written notice of countermand, signed by McCardle, before making the motion, he should have ordered him (defendant's attorney) to pay the costs of the motion.