The court, in refusing to add this to his charge, stated the reason he did so was:

"The court believes he has correctly given a definition of 'voluntarily.' The court does not believe that if external interference or influence was brought to bear on him or that some one prompted or suggested it to him that this would prevent it from being voluntary. If so then a man could swear falsely and go free if some one asked him to do it. I see no evidence of fraud or duress."

The evidence in no way tends to show that there was any fraud or duress whatever towards appellant when he signed and swore to said affidavit, but, on the contrary, it shows that he did so voluntarily as defined by the court. Besides, in other portions of the charge the court told the jury specifically that in order to warrant a conviction for this offense, among other things, it was an essen-

tial element to be proven by the state that said affidavit was voluntarily made, and that if such element was wanting a conviction could not be had, and further, affirmatively, required the jury to believe beyond a reasonable doubt that such was an elementary essential. And still in addition, charged that the burden of proof was on the state, the presumption of innocence prevailed until his guilt was established beyond a reasonable doubt, and if they had a reasonable doubt to acquit him. And still further, gave appellant's special charge No. 5, which required the jury again to believe from the evidence beyond a reasonable doubt, that said affidavit, in the particular mentioned, was voluntarily made, and unless the jury so found beyond a reasonable doubt to acquit him.

No error in any particular in the trial of this case has been pointed out. The judgment is affirmed.

---

**PARK v. STATE.** (No. 3631.)

(Court of Criminal Appeals of Texas. June 25, 1915.)

1. CRIMINAL LAW ⊷112—VENUE—LARCENY.

In theft, a conviction may be had in any county into which the property is carried after being stolen.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 188; Dec. Dig. ⊷112.]

2. CRIMINAL LAW ⊷108 — VENUE — BURGLARY.

In burglary, conviction must be had in the county in which the house is broken and entered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 175, 179–185; Dec. Dig. ⊷108.]

3. BURGLARY ⊷41—EVIDENCE—SUFFICIENCY.

In a prosecution for burglary, evidence held insufficient to support a conviction of breaking and entering a certain freight car with intent to commit theft while in a certain county.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 94–103, 109; Dec. Dig. ⊷41.]

Appeal from District Court, Bastrop County; Ed R. Sinks, Judge.

F. L. Park was convicted of burglary, and he appeals. Reversed and remanded.

G. O. Brown, of San Antonio, Aaron Burleson, of Smithville, and John T. Duncan, of La Grange, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. This is a companion case to cause No. 3630[1] against the same defendant. In this case appellant was convicted of burglary, while in the companion case he was convicted of theft, both offenses growing out of the theft of some automobile tires. This case in which appellant was convicted of burglary was first tried, and is not near so strong nor cogent as the evidence in the companion case in which he was convicted of theft. In this cause there is no positive evidence that the tires were placed in car No. 70181 Missouri, Kansas & Texas Railway,

while in the companion case the waybill and the bill of lading were both introduced to show that fact, and if we arrive at the conclusion in this case that the tires alleged to have been stolen were ever in car No. 70181, we must do so by inference alone.

In this case Henry Young testified that he was shipping clerk for the Federal Rubber Manufacturing Company at Dallas, and he billed out tires Nos. 226988, 227229, 223585, and 223586 to the Southern Tire & Repair Company, at Houston. They were 35 by 4½ Q. D. plain Federal tires. That he delivered them to the Dallas Transfer Company for shipment, and he did not know of his own knowledge what became of them. That he did not know whether these tires were ever in car No. 70181. The evidence shows that some tires were stolen out of car No. 70181, somewhere between Dallas and Houston, but then the testimony skips to San Antonio where they found these tires in the possession of the Alamo Auto Sales Company. The manager of this company says these tires were brought to his garage by Billy Edwards. Billy Edwards does not testify in the case, but Charles M. Phillips testified he loaned Billy Edwards $50, and Edwards told him that he had bought some tires from Will Terrell, and Terrell had given Fred Thurmond an order for the money. What Edwards told Phillips about where he got the tires and what he was going to do with the money would be hearsay, and inadmissible if objected to, but it is in the record with no objection thereto, and what strength we should give this hearsay statement of Edwards, when he was not called as a witness, and no reason given why he was not introduced, is a question we do not deem it necessary to decide in this case. But it is on this testimony the state relies to connect appellant with the tires found in San Antonio; and the only testimony in the case to show a burglary of car No. 70181 is the fact that Federal tires of the numbers above stated were stolen out of said car, when there is in this case no positive testimony that those tires were in that car. It is shown by the testimony of Mr. Phillips that he had loaned money to Edwards, and Edwards said he wanted it to pay for some tires he purchased from Terrell, this being the thread to connect appellant with the theft of the tires found in San Antonio; for in the record it is shown by the testimony of Zina Eggleston that he runs a garage in Smithville, and that Terrell came to him and offered to sell him some tires, that appellant was with Terrell at the time, and appellant said in the same conversation "he was standing up by the side of a box car door, and upon pulling the handle of the door he found the car was open, or the door was loose, and they got the tires out of the door." The door of car No. 70181 was shown to be rotten at the bottom and could be pulled open, but at the time Terrell offered to sell the tires to Eggleston he said they were Goodrich tires and were 34 by 4, while the tires found in San Antonio, and alleged to be the stolen tires, were Federal tires, 35 by 4½. So this statement would not have much weight in showing that appellant had gotten the Federal tires 35 by 4½ out of car No. 70181, but it would be a circumstance to be considered with other circumstances in the case; for, while the stolen tires were of a different make and size, there is no evidence that any other car than 70181 had been burglarized by the door being pulled open by reason of the bottom being decayed.

These are all the facts in this case tending to connect appellant with the theft of the automobile tires out of car No. 70181, and the burglary of said car. The evidence in the companion case is much more cogent. We have merely recited the state's evidence, and have not taken into consideration the testimony offered by appellant, and the above are all the incriminating facts in this case, and this record does not satisfactorily show that the tires found in San Antonio were ever in fact placed in car No. 70181. As we have said before, if we could consider evidence adduced in the companion case a much stronger case would be made, but in passing on this record we can only consider the evidence adduced when it was tried, and judge of the sufficiency of that testimony without resort to the evidence heard in any other case.

[1, 2] But in this record another question is presented by the testimony which is not presented in the companion case. In theft, a conviction may be had in any county in which the property is carried after being stolen, but not so in a burglary case. In a case of burglary, the conviction must be had in the county where the house was broken and entered. If the facts should be conceded that appellant was guilty of the theft of the tires found in San Antonio, it is very meager to show that the car was broken and gone into while it was in Bastrop county, and this would be necessary to be shown in a case of burglary.

[3] Taken as a whole, we are of the opinion the evidence is insufficient in this case to support a verdict finding appellant guilty of burglariously breaking and entering a car with the intent to commit theft in Bastrop county, while the writer agrees to and concurs in the affirmance of the companion case, in which appellant was convicted of theft, the evidence being much more full and satisfactory in that case than in this one.

The judgment is reversed, and the cause remanded.