PHILIP HELLER, Appellant, *v.* HARRY ALTER, Respondent.[*]

Supreme Court, Appellate Term, First Department, May 19, 1932.

*Edythe Widdi*, for the appellant.

*Arthur N. Seiff*, for the respondent.

PER CURIAM. In this case plaintiff sued to recover damages for personal injuries. The defendant had a policy of accident insurance and his attorneys were furnished by the insurance company under the policy. This insurance company was placed in

---

[*] Revg. 143 Misc. 10.

liquidation by an order of the Supreme Court. Said order enjoined all agents and employees of the insurance company from proceeding with the business of the company or doing anything which might subject it to greater liability. Suits against the insurance company were also enjoined.

A few days after the insurance company was placed in liquidation the plaintiff's attorneys served a notice of trial on the defendant's attorneys and later obtained a default judgment.

· The court below has held that under the circumstances plaintiff was bound to comply with the requirements of section 240 of the Civil Practice Act before taking any steps in the action. That section provides that when the attorney for the opposing party " dies, is removed or suspended or otherwise becomes disabled to act " no further proceedings shall be taken until thirty days' notice is given the party for whom he appeared to appoint another attorney.

Our view is that that section does not apply to the instant situation. The disability provided for in the section does not exist here. The order of liquidation prevented the insurance company from doing business but did not remove or otherwise disable the defendant's attorneys. Assuming that such attorneys were in some respects agents of the insurance company, they were not stayed as such from continuing to represent their clients. As far as the plaintiff is concerned, the fact that defendant's attorneys had been furnished by an insurance company was entirely immaterial, if known to plaintiff. As the relation of attorney and client existed and no disability of the attorneys was created, it was the duty of defendant's attorneys to continue to represent the interests of their client until relieved by the court or at least the opposing party was under no obligation to give the notice required by section 240 of the Civil Practice Act.

We may add that, in the instant case, notice of the liquidation was given to the defendant both by publication and by mail and the circumstances do not warrant the exercise of any discretion in granting defendant relief from the default, which appeared willful.

Order reversed, with ten dollars costs, and judgment reinstated.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.