HAROLD F. LEWIS, Respondent, v. MARY SOCONIS, Appellant.— Plaintiff sued in a Justice's Court for a balance claimed to be due for services rendered as a dentist. Defendant denied liability and counterclaimed for moneys paid on account of such services in ignorance of the fact that plaintiff was not registered in the county clerk's office of Suffolk county, N. Y., where plaintiff lived, had his office, practiced as a dentist, and where said services were performed. The justice dismissed both the complaint and the counterclaim. On appeal by the plaintiff, the County Court, on the record of the trial in the Justice's Court, reversed the judgment of that court and gave plaintiff a judgment against defendant for the amount of his claim, interest and costs. The judgment of the County Court of Suffolk county is reversed on the law, without costs, and the complaint is dismissed, without costs. Section 1309 of the Education Law requires every person practicing dentistry in this State to register in the office of the clerk of the county " where his place of business is located;" failure to so register is a misdemeanor. Plaintiff, having failed to comply with that law, cannot recover for the services in question. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

NATHAN LIVERT, Respondent, v. THE TRAVELERS INSURANCE COMPANY, Appellant.— Action to recover benefits pursuant to a disability provision of a policy of life insurance. Order of the Appellate Term modifying a judgment of the Municipal Court of the City of New York by reducing the amount of plaintiff's recovery by the sum of $81.85, with interest, modified by reducing the amount of the plaintiff's recovery by the sum of $300. As so modified the order of the Appellate Term, in so far as appealed from, is unanimously affirmed, without costs. On the trial of the Supreme Court action, the charge of the court, to which no exception was taken, indicated that one of the issues submitted to the jury was whether or not the plaintiff was totally and permanently injured at the time of that trial, which was in June, 1933. In our opinion, therefore, the plaintiff in the present action is only entitled to recover for total disability from the date of that trial to the time of the commencement of this action — a period of six months. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

ISABELLE LUFKIN, Appellant, v. LICHTENSTEIN CLEANERS & DYERS, INC., and Others, Respondents, and MITCHELL ARKUSH, Defendant.— Order denying plaintiff's motion for an examination of certain defendants and for discovery and inspection of certain records and papers reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. We are of the opinion that the complaint states a cause of action and that the examination sought is upon matters as to which plaintiff has the burden of proof. The examination and inspection may proceed on five days' notice. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.