WILLIAM LURIE, Respondent, *v.* NEW AMSTERDAM CAS-
UALTY COMPANY et al., Appellants.

(Argued March 10, 1936; decided April 14, 1936.)

*Frederick Mellor* for appellants. The plaintiff failed to prove a cause of action against the defendants. (*Matter of Krooks,* 257 N. Y. 329; *Matter of Tillman,* 259 N. Y. 133; *Martin* v. *Camp,* 219 N. Y. 170; *Andrewes* v. *Haas,* 214 N. Y. 255; *Matter of Snyder,* 190 N. Y. 66; *Randall* v. *Van Wagenen,* 115 N. Y. 527; *Ryther* v. *Lefferts,* 232 App. Div. 552; *Beardsley* v. *Kilmer,* 236 N. Y. 80; *Ochs* v. *Woods,* 221 N. Y. 335; *Reno* v. *Bull,* 226 N. Y. 546.) The case was submitted to the jury on a theory not

pleaded or proved. (*Matter of Weitling*, 266 N. Y. 184; *Matter of Krooks*, 257 N. Y. 329; *Martin* v. *Camp*, 219 N. Y. 170; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Matter of City of New York*, 219 N. Y. 192; *Matter of Driscoll*, 131 Misc. Rep. 613.)

*Paul J. McCauley* and *David S. Konheim* for respondent. Plaintiff pleaded and proved a cause of action against the defendants for willfully inducing and coercing the client to repudiate his contract with the plaintiff. (*People* v. *Connolly*, 253 N. Y. 330; *Powell* v. *Powell*, 71 N. Y. 71; *Frankenberger* v. *Schneller*, 258 N. Y. 270; *Posner Co.* v. *Jackson*, 223 N. Y. 325; *Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Campbell* v. *Gates*, 236 N. Y. 457; *Hornstein* v. *Podwitz*, 254 N. Y. 443; *Gonzales* v. *Reichenthaler*, 197 App. Div. 277; 233 N. Y. 607; *Gordon* v. *Mankoff*, 146 Misc. Rep. 258; *Hitchman Coal & Coke Co.* v. *Mitchell*, 245 U. S. 229; *Warschauser* v. *Brooklyn Furniture Co.*, 159 App. Div. 81; *Third Ave. R. R. Co.* v. *Shea*, 109 Misc. Rep. 18.) The complaint does not allege any theory of damages. Its legal sufficiency required no such allegations. No request was made upon the trial that plaintiff be required to make an election of any theory of damages. (*Winter* v. *American Aniline Products*, 236 N. Y. 199; *Weber & Heilbroner* v. *Holbrook C. & R. Corp.*, 192 App. Div. 93; *Colrick* v. *Swinburne*, 105 N. Y. 503; *G. C. P. Fire Relief Assn.* v. *Sonneborn Sons*, 263 N. Y. 463; *Randall* v. *Packard*, 142 N. Y. 47; *McAvoy* v. *Schramme*, 238 App. Div. 225; 263 N. Y. 548; *Lazier Gas Engine Co.* v. *Du Bois*, 130 Fed. Rep. 834.)

O'BRIEN, J. Plaintiff is an attorney at law and was retained by a client, Harry Tryhubets, who had been injured by an automobile owned by one who had been insured by defendant New Amsterdam Casualty Company. The action is based on allegations that the casualty company through its agents, the defendants Skelly and Sergeant, wrongfully induced and procured the client,

Tryhubets, to repudiate his retainer with plaintiff and thereby breach the contract. These allegations are fully supported by evidence.

No action was ever instituted by plaintiff in behalf of his client. He and a member of his office staff performed services in interviewing witnesses, causing photographs to be taken and generally investigating the facts in relation to the acts which caused the injury to his client. While this investigation was in progress, the defendants Skelly and Sergeant, so the jury found on competent evidence, threatened Tryhubets that, unless he repudiated his retainer with plaintiff, he would receive no compensation for his injuries and after such repudiation, induced by Skelly and Sergeant, defendant casualty company, without plaintiff's consent, paid to the client the sum of $25,000 and obtained from him a general release.

Plaintiff concedes, of course, that the cause of action growing out of the automobile accident belonged to his client and not to him nor does he assert any authority to obstruct such a settlement as his client may have elected to make. (*Matter of Levy*, 249 N. Y. 168, 170.) The rule of law is certain that a contract of retainer may be canceled at any time and in such a case the attorney is entitled only to the reasonable value of his services to the date of cancellation. (*Martin* v. *Camp*, 219 N. Y. 170; *Matter of Krooks*, 257 N. Y. 329; *Matter of Tillman*, 259 N. Y. 133.) This attorney complains, not because his client canceled his retainer, a right inherent in the contract and not constituting a breach, but because the client, falsely denying the existence of the contract, repudiated it and assumed that position by reason of the wrongful instigation of these defendants. That a cause of action exists against those who unlawfully induced the breach of this contract is settled in this State. (*Posner Co.* v. *Jackson*, 223 N. Y. 325; *Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Hornstein* v. *Podwitz*, 254 N. Y. 443.)

The theory of the measure of damages alleged in the

complaint is incorrect and the courts below were right in relegating plaintiff to a recovery on the basis of *quantum meruit*. The contract between plaintiff and his client provided for payment to the attorney of twenty-five per cent of the amount of a settlement. The client received the sum of $25,000 by way of settlement and the relief demanded in the complaint is $25,000, the damages alleged to have been suffered by plaintiff. On no conceivable theory is he entitled to that sum. The court charged that he is entitled to recover from defendants only such amount as he would be entitled to recover from his client and that is the reasonable value of his services. That is the correct rule. (*Matter of Tillman, supra.*) The mere fact that the attorney has a cause of action against his client does not exonerate the parties who wrongfully induced the breach of contract. (*Hornstein v. Podwitz, supra.*) The verdict was for $6,250, which is twenty-five per cent of the amount of the settlement made by the casualty company with Tryhubets and was rendered in disregard of the court's instructions. By consent of plaintiff the trial justice reduced the verdict to $2,500 as reasonable value of plaintiff's services and the judgment has been unanimously affirmed. The complaint does not proceed upon a definite, clear and certain theory in respect to damages and plaintiff is not restricted to proof on a theory which cannot be sustained. He alleged and proved damages. That plaintiff mistook the true rule of damages is not material. There is no requirement that the measure of damages shall be stated in the complaint when facts are alleged from which damages can properly be inferred. (*Colrick v. Swinburne,* 105 N. Y. 503; *Winter v. American Aniline Products, Inc.,* 236 N. Y. 199, 204.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.