[Crim. No. 1964. First Appellate District, Division One.—June 14, 1937.]

In the Matter of the Application of GEORGE R. ANDERSEN on Behalf of ELAINE BLACK for a Writ of Habeas Corpus.

George R. Andersen for Petitioner.

Matthew Brady, District Attorney, and Robert E. Burns, Assistant District Attorney, for Respondent.

THE COURT.—A petition for a writ of *habeas corpus.* Elaine Black, on whose behalf the petition was filed, and who will be hereinafter referred to as the petitioner, was charged in the Municipal Court of the City and County of San Francisco with the violation of an ordinance of the municipality. Upon her trial she was sworn as a witness on her own behalf. On cross-examination the district attorney inquired as to the place of her residence but she declined to answer. Being directed by the court to answer the question she persisted in her refusal and was committed for contempt.

█ Although a witness may not be impeached by evidence of particular wrongful acts (Code Civ. Proc., sec. 2051), and cannot be compelled to give an answer which will have a direct tendency to degrade her character (Code Civ. Proc., sec. 2065), here the question was relevant, contained nothing which would tend to violate her statutory privilege, and the inquiry was proper on cross-examination. (*Alford* v. *United States,* 282 U. S. 687 [51 Sup. Ct. 218, 75 L. Ed. 624]; *Sawyear* v. *United States,* 27 Fed. (2d) 569; 70 Cor. Jur., Witnesses, sec. 1093, p. 873.)

█ Petitioner contends, however, that the order of commitment, in which were set forth the circumstances and the question asked, failed to allege that the inquiry was material to the matter before the court.

That the question was proper and material on cross-examination is obvious, and an express allegation to that effect would have added nothing to the court's order.

The writ is accordingly discharged and the petitioner remanded.