CARRIE BUTLER, *et al. v.* HILDA D. YOUNG, *et al.*

(No. 8826)

Submitted February 7, 1939. Decided March 21, 1939.

*J. E. Springston* and *Elmer A. Stone,* for appellants.
*Payne, Minor, Ray & Davis, John V. Ray,* and *J. Hornor Davis, II,* for appellees.

RILEY, JUDGE:

This is a partition suit brought by Carrie Butler and J. C. Springston against Charles R. Davisson, Maggie Davisson and Hilda D. Young for the purpose of partition-

ing certain real estate of which defendants' intestate died seized. From a decree dismissing plaintiffs' bill of complaint, they appeal.

The part of the record before this Court, consisting of the bill of complaint, the answer of the defendant, Hilda D. Young. and plaintiffs' replication to said answer, presents the single question: What is the legal effect of a stipulation, in a contract between an attorney and client providing for a contingent fee on a percentage basis, expressly prohibiting client from compromising without attorney's consent? Although such stipulations have been before the courts of this country many times, the question presented is novel in this jurisdiction. Under what seems to be the general rule, courts have held such stipulations, and in most cases the contracts themselves, void as against public policy. *Davis* v. *Webber,* 66 Ark. 190, 49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81; *North Chicago St. R. Co.* v. *Ackley,* 171 Ill. 100, 49 N. E. 222, 44 L. R. A. 177; *Davis* v. *Chase,* 159 Ind. 242, 64 N. E. 88, 95 Am. St. Rep. 294; *Kansas City Elevated Ry. Co.* v. *Service,* 77 Kans. 316, 94 Pac. 262, 14 L. R. A. (N. S.) 1105; *Burho* v. *Carmichael,* 117 Minn. 211, 135 N. W. 386, Ann. Cas. 1913D 305, and note 306, 307; *Huber* v. *Johnson,* 68 Minn. 74, 70 N. W. 806, 64 Am. St. Rep. 456; *Davy* v. *Fidelity & Casualty Ins. Co.,* 78 Ohio St. 256, 85 N. E. 504, 17 L. R. A. (N. S.) 443, 125 Am. St. Rep. 694; 5 Am. Jur. 291; 7 C. J. S. 1066. However, provisions against settlement by clients have been upheld in several jurisdictions. *Hoffman* v. *Vallejo,* 45 Cal. 564; *Fort Worth & D. C. R. Co.* v. *Carlock & Gillespie,* 33 Tex. Civ. App. 202, 75 S. W. 931; *St. Louis, S. F. & T. R. Co.* v. *Thomas* (Tex. Civ.), 167 S. W. 784; *Wichita Falls Electric Co.* v. *Chancellor & Bryan* (Tex. Civ.), 229 S. W. 649; *Gibson* v. *Texas Pacific Coal Co.* (Tex. Civ.), 266 S. W. 137. The Missouri rule provides that the validity of a provision against compromise is dependent upon the presence or absence of facts tending to impeach the attorney's good faith. *Lipscomb* v. *Adams,* 193 Mo. 530, 91 S. W. 1046, 112 Am. St. Rep. 500; *Wright* v. *Kansas City, Ft. S. & M. R. Co.,* 141 Mo. App. 518, 126

S. W. 517; *Beagles* v. *Robertson,* 135 Mo. App. 306, 115 S. W. 1042. There are a number of authorities to the effect that the invalidity of an attorney's contract does not prevent a recovery on a quantum meruit basis, where the services are not illegal, either of themselves or by reason of the circumstances under which they are renderd. *Rosenberg* v. *Lawrence* (Cal. Dist. Ct. App.), 69 Pac. (2d) 200, opinion approved and adopted by Supreme Court 10 Cal. (2d) 590, 75 Pac. (2d) 1082; 5 Am. Jur. 367; *In re Snyder,* 190 N. Y. 66, 82 N. E. 742, 14 L. R. A. (N. S.) 1101, 123 Am. St. Rep. 533, 13 Ann. Cas. 441, and note 444, 445; *Davis* v. *Webber, supra; Watkins* v. *Sedberry,* 261 U. S. 571, 43 Sup. Ct. 411, 67 L. Ed. 802, and note; 85 A. L. R. 1365-1370, editorial note to *Sapp* v. *Davids,* 176 Ga. 265, 168 S. E. 62. See generally, 27 Columbia Law Review 982; 6 Williston on Contracts (Revised Ed.), sec. 1713. In *Dorr* v. *Camden,* 55 W. Va. 226, 46 S. E. 1014, 65 L. R. A. 348, this Court held that where a contingent fee contract is invalid for reasons other than champerty and maintenance, an attorney nevertheless was entitled to recover reasonable compensation for services rendered.

The foregoing survey of the American authorities is by no means exhaustive. It, perhaps, is not very illuminating. However, it discloses a great array of American authority appraising variously in their effect provisions such as the one under scrutiny. Therefore, it follows that the provision in the instant contract should be evaluated on the basis of what would seem to be the sound policy which should govern the relation of attorney and client. Litigation, at least, is always vexatious to parties litigant. In many cases it is costly. Quite often a yielding to reasonable compromise will better serve the interests of the litigants than controversy to a bitter end. With these thoughts in mind, we are prone to adopt the majority rule to the extent only that a stipulation in an attorney's contract against compromise is void. Notwithstanding its invalidity, it does not vitiate the entire contract. If the services to be rendered and the manner of rendition are not *mala in se* or *mala prohibita,* as disclosed by the rec-

ord, we can conceive of no sound reason which would sustain the position that the invalidity of a provision against compromise will prevent an attorney, who, under the contract, renders valuable services, from receiving compensation. This thought, probably, prompted the rule in the quantum meruit cases. But, here, is it not reasonable to say that, notwithstanding the invalidity of the provision, the contract remains intact and enforceable as though it never contained such provision? The answer lies in the fact that the provision in question was one incorporated for the benefit of the attorney. If, in the first instance, with the provision in the contract, the client was willing to enter into the agreement, what does it matter if the invalid clause be discarded? The record here discloses no effort to compromise, which, notwithstanding the provision against compromise, the client could have done provided there was no collusive effort to escape the obligation of the contract. 5 Am. Jur. 328, and authorities under note 13; 83 Am. St. Rep. 180, 181, 182, Editorial note to *Shirk* v. *Neible,* 156 Ind. 66, 59 N. E. 281, 83 Am. St. Rep. 150. It follows that the contract is valid and the measure of compensation is the percentage basis stipulated therein. This position is deeply steeped in sound logic and, notwithstanding the weight of authority to the contrary, is not without substantial support. See generally, *Howard* v. *Ward,* 31 S. D. 114, 139 N. W. 771; *Davis & Michel* v. *Great Northern Ry. Co.,* 128 Minn. 354, 151 N. W. 128; *Newport Rolling Mill Co.* v. *Hall,* 147 Ky. 598, 144 S. W. 760; *Louisville Ry. Co.* v. *Burke,* 149 Ky. 437, 149 S. W. 865; *Huber* v. *Johnson, supra,* dissenting opinion, 68 Minn. 80, 70 N. W. 808; *Nichols* v. *Orr,* 63 Colo. 333, 166 Pac. 561; *Jackson* v. *Stearns,* 48 Ore. 25, 84 Pac. 798, 5 L. R. A. (N. S.) 390.

The decree of the trial court, therefore, is reversed, and this suit remanded for further proceedings not inconsistent with the principles herein contained.

*Reversed and remanded.*

180

Fox, PRESIDENT, dissenting:

I am unable to concur in the reasoning of the majority opinion in this case. The court holds that the provision in the contract under discussion, which attempts to prevent a compromise of the matters to which the contract relates, is void as against public policy; but at the same time allows a recovery under the other provisions of the contract to the same extent as if the void provision had not been incorporated therein. It is conceded in the opinion that this latter holding is against the weight of authority and it is defended on the ground that the void provision, being one incorporated for the benefit of the attorney, prejudiced neither the public nor any individual.

This court has properly held, as did the court below, that a finding that the contract under which the plaintiffs' claim is illegal and unenforceable, does not prevent a recovery for services rendered under *quantum meruit*. But to hold that the contract itself, containing the void provision, may still be enforced as to all other provisions, makes futile the condemnation of the void provision. Under this holding parties will be at liberty to continue the use of this or similar provisions, without any risk whatever, and they may be used, outside of courts, to impede or prevent the settlement of disputes. A continuance of a practice which we condemn as against public policy will be permitted, if not invited. The maintenance of sound rules of public policy can only be effected through penalizing those who violate them. I realize that not every contract which contains an illegal provision is rendered unenforceable as to the legal portions thereof; but where, as in this case, a phase of the administration of justice is involved, a provision which tends to infringe upon the right of litigants to settle their disputes, should, in my opinion, be held to render the entire contract unenforceable. By so holding, the plaintiff would be permitted to base his claim upon the value

of services rendered and, presumably, would be fairly compensated; on the other hand, the violation of a sound rule of public policy would be discouraged in the future.