## BARNES v. QUIGLEY.
### No. 422.

Municipal Court of Appeals for the District of Columbia.

Nov. 1, 1946.

Otho D. Branson and Emerson W. Browne, both of Washington, D. C., for appellant.

Albert F. Beasley, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant is an attorney. So is the plaintiff, who sued him for "unlawful interference into the relationship between attorney and client." The case was tried to the court and resulted in a finding for defendant. Plaintiff appeals.

Defendant in his capacity as claims representative for an insurance company was attempting to settle claims arising from a collision between a truck insured by his company and an automobile owned by Roscoe Perry, in which collision injuries were suffered by Denson Gaddies, a passenger in the Perry car. On the day following the accident, defendant visited Gaddies at his home and made him an offer but did not succeed in reaching a settlement. The next day Gaddies consulted plaintiff and discussed the case with him. Plaintiff said he would take the case for thirty-three and one-third per cent of what Gaddies received. He said he would not settle for less than $1,000 and if an offer of less than that amount were received he would file suit. Gaddies at that time paid plaintiff a retainer fee of $25.

At the same time Perry, the owner of the damaged car, was attempting to secure settlement of his claim, and defendant told Perry that the insurance company would not pay his claim until the personal injury claim of Gaddies was disposed of. He suggested that Perry prevail on Gaddies to come to defendant's office. Perry succeeded in getting Gaddies to go with him to defendant's office to discuss settlement of the two claims.

In the course of the negotiations Gaddies mentioned that he had talked about the case to a lawyer but said he did not remember his name. Defendant pressed him for the lawyer's name and then one of the men present said it was the plaintiff and produced plaintiff's card. Defendant phoned plaintiff's office but he was not in. He then asked Gaddies if he had employed a lawyer to represent him and he replied he had not. Nevertheless defendant drew up a statement

which Gaddies signed, to the effect that he had not employed any lawyer to represent him in the claim, and particularly not Lewis E. Barnes (the plaintiff). Thereupon, defendant settled Gaddies' claim for $500 and gave him a check for that amount.

Gaddies testified that during the settlement proceedings he had observed a letter on plaintiff's letterhead lying on defendant's desk. But defendant testified that he had received no letter from plaintiff before completing the settlement. Defendant said there was a mail delivery during the settlement proceedings and that afterwards he received a letter from plaintiff informing him that he was representing Gaddies and that they would settle "at any reasonable sum, say about $1,000."

Plaintiff admitted that he saw Gaddies the same day, a short time after the settlement, saw the check, and rode with Gaddies and Perry to the bank where Gaddies went in and had the check cashed. He also admitted that neither then nor at any other time had he demanded of Gaddies any portion of the settlement fund.

Plaintiff's theory of the case was that under his agreement with Gaddies the client was bound not to settle the claim for less than $1,000 and that if settlement could not be made for that amount, suit was to be filed. He charged that by resorting to "unlawful interference" defendant had succeeded in persuading the client Gaddies to settle for $500, thereby procuring a breach of plaintiff's contract with Gaddies to make no settlement for less than $1,000.

■ We have studied the situation from every angle and are convinced the position of the trial judge was correct and that there is no theory on which the law would permit plaintiff to recover. In the first place plaintiff's contingent fee agreement with his client did not vest in him an assigned interest in the settlement fund. Actions for personal injuries caused by the negligent conduct of others are not assignable.[1] Plaintiff therefore had no ownership, equitable or otherwise, in the potential settlement fund which defendant was required to honor.

■ It is the basic policy of the law that any agreement between attorney and client which binds the client not to compromise and settle his claim out of court is against public policy and void.[2] Thus the client may at any time before judgment, if acting in good faith, compromise and settle his cause of action out of court without his attorney's consent.[3] This is true, even when the client has expressly agreed not to do so.[4]

■ It will therefore be seen that defendant violated no law and deprived plaintiff of nothing which was lawfully his. It will also be seen from our discussion of the evidence that there was no "unlawful interference" by the defendant, as between plaintiff and his client.

We are not unmindful that there are cases in which agents of insurance companies (and others similarly situated) have been held answerable in damages when they have deliberately set out to persuade a claimant to bilk a lawyer of his fee.[5] But this is plainly not such a case.

Appellant complains that the trial judge was wrong in resolving the factual issues against him. But in view of the applicable law we do not find it necessary to consider this contention. For in no view of the case could plaintiff have recovered.

Affirmed.

[1] Lamont v. Washington & G. R. R. Co., 2 Mackey 502; Tauro v. General Acc. Fire and Life Assur. Corp., 297 Mass. 234, 8 N.E.2d 773; Herbits v. Constitution Indemnity Co. of Philadelphia, 279 Mass. 539, 181 N.E. 723.

[2] Purvis v. United States, 8 Cir., 61 F.2d 992; Jones v. Pettingill, 1 Cir., 245 F. 269; Butler v. Young, 121 W.Va. 176, 2 S.E.2d 250, 121 A.L.R. 1119, and cases there collected. See also annotation 121 A.L.R. 1122 and 7 C.J.S., Attorney and Client, § 186 b (2).

[3] Lamont v. Washington & G. R. R.

Co., supra; Nichols v. Orr, 63 Colo. 333, 166 P. 561, 2 A.L.R. 449.

[4] Kendall v. United States, 7 Wall. 113, 19 L.Ed. 85; Southworth v. Rosendahl, 133 Minn. 447, 158 N.W. 717, 3 A.L.R. 468.

[5] See Bennett v. Sinclair Nav. Co., D. C., E.D.Pa., 33 F.Supp. 14; Klauder v. Cregar, 327 Pa. 1, 192 A. 667; Lurie v. New Amsterdam Casualty Co., 270 N. Y. 379, 1 N.E.2d 472; Id., 245 App.Div. 710, 281 N.Y.S. 988; Keels v. Powell, 207 S.C. 97, 34 S.E.2d 482.