MAE GROSS, as Administratrix of the Estate of LOUIS C. GROSS, Deceased, Respondent, v. SYLVIA ABRAHAM, Defendant. STATE INSURANCE FUND, Appellant.— Appeal from an order which apportioned damages recovered by respondent in an action for the wrongful death of her intestate, pursuant to section 133 of the Decedent Estate Law. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [See *post*, p. 840.]

∎

· JACK IMPELLIZZERI et al., Respondents, v. FREDERICK HAUG et al., Defendants. FREDERICK HAUG, Third-Party Plaintiff,. v. ABRAHAM GOTTLIEB, Third-Party Defendant-Respondent, and GEORGE LASSEN, Third-Party Defendant-Respondent. HUGHES, FLAMMAN & SIMPSON, Appellants.— In an action to recover damages arising out of a collision between two automobiles, a certain law firm appeared as attorneys for the two defendants, Haug and Lassen, interposed answers for them and also served a third-party complaint on said Lassen, on behalf of Haug. The said firm had undertaken to represent said defendants at the request of an insurance carrier, which had issued a liability policy covering Haug. Thereafter, the carrier disclaimed all obligation to Lassen and instructed the said firm to void or withdraw its appearance for him. The appeal is by said law firm from an order on reargument adhering to an original decision denying its motion for leave to withdraw said appearance, without prejudice to or adjudication of the rights of any of the parties under any contract of insurance. Order modified by striking therefrom the second ordering paragraph thereof and by striking from the first ordering paragraph thereof everything following the word " reargument ", and by substituting in lieu thereof the following: " the motion is granted to the extent that the firm of Hughes, Flamman & Simpson be permitted to withdraw as attorneys for George Lassen in this action; and that the motion is otherwise denied." As so modified, the order is affirmed, without costs. The interests of the carrier and Haug are in apparent conflict with those of Lassen. The court should not withhold approval of counsel's application to withdraw from this anomalous situation. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.