LARRY REYNOLDS et al., Infants, by VIRGINIA REYNOLDS, Their Guardian ad Litem, et al., Plaintiffs, *v.* KARL MARAMOROSCH et al., Defendants.

Supreme Court, Special Term, New York County, September 30, 1955.

*McGarry & Sclafani* for Anthony Reynolds, Jr., defendant.

*Herbert L. Levy* for plaintiffs.

MARTIN M. FRANK, J. This is a motion to dismiss the complaint as against the defendant Anthony Reynolds, Jr., upon the ground that the plaintiffs "have no legal capacity to sue". The motion is made by the law firm of McGarry & Sclafani, as attorneys for the defendant Anthony Reynolds, Jr.

The undisputed facts are that the two plaintiffs are unemancipated infants under the age of fourteen and are the sons of the defendant Reynolds. The complaint charges that the defendant Reynolds was negligent in the operation of his automobile in which the plaintiffs were passengers.

It is the settled law in this State that unemancipated infants may not maintain an action for ordinary negligence against a parent (*Epstein* v. *Epstein*, 283 App. Div. 855; *Sorrentino* v. *Sorrentino*, 248 N. Y. 626; *Cannon* v. *Cannon*, 287 N. Y. 425). In the *Cannon* case, Judge LEWIS, later Chief Judge, writing for a unanimous court, stated it thus (p. 427):

"May an unemancipated minor child maintain an action against his parents for personal injuries alleged to have been caused by their negligence?

"That question was considered in *Sorrentino* v. *Sorrentino* (248 N. Y. 626), *when the court denied the existence of such a right of action*." (Emphasis supplied.)

Judge LEWIS continued (p. 430): "We have already indicated our conclusion to be that an unemancipated minor child has no right of action against his parents for non-wilful injuries caused by their acts which, if done by others, might constitute a breach of legal duty."

It thus affirmatively appears that no right of action as alleged inures to the plaintiffs against the defendant Reynolds. The rule of law denying a right of recovery in such a negligence action is not one in which the relationship may be interposed as a defense in bar. It is a substantive rule that no such cause of action exists. At some stage of these proceedings, either by a motion properly made or by the court's own motion on a trial, the complaint herein will have to be dismissed.

This court would grant the motion without further ado were it not for the unusual problem which has been raised on this application. In the papers submitted in opposition to the motion the plaintiffs submit an affidavit signed and verified by the defendant Reynolds. He states under oath that "The instant motion was made without my knowledge or consent". He further avers that he has consulted his attorney, giving the name and address of an attorney who is not one appearing for him or making this motion. The affidavit concludes as follows: "I therefore now state after serious consideration and upon the advice of my attorney that I wish to waive any defense raised by the instant motion and to be permitted to defend the action upon the merits."

There is an attempt in the affidavit to overcome the rationale of the cases cited above by a statement that the underlying reasons for the decisional law do not apply to him. The defendant cannot with a stroke of his pen set himself apart from all others whose rights and liabilities are fixed under existing law and thus create for the benefit of his children a new cause of action where none now exists.

An affidavit has been submitted in reply by Vincent M. Sclafani, who states that he is a member of the firm of McGarry & Sclafani and that his firm are the attorneys for the Allstate Insurance Company, the insurer under an automobile liability policy. That under the terms of said insurance policy, the carrier is required among other things to defend any and all lawsuits brought against the insured as a result of his ownership and operation of the automobile in question. That under the contract of insurance the conduct of the defense to any suit rests solely in the hands of the insurance company. The affidavit also recites that in addition to this lawsuit they are also engaged in the defense of another action pending in the Municipal Court commenced by the codefendant Maramorosch against Reynolds and arising out of the same automobile accident.

Decisional law has established the rule that a client may discharge his attorney at any stage of their relationship, with or without cause (*Matter of Krooks,* 257 N. Y. 329; *Robinson* v. *Rogers,* 237 N. Y. 467; *Lurie* v. *New Amsterdam Cas. Co.,* 270 N. Y. 379). The contract between the carrier and the defendant has not been submitted on this application. Assuming, arguendo, that it is the usual form and provides, among other things, that the carrier shall furnish counsel and defend the action, and that the failure of the assured to co-operate with respect to the claim or the defense relieves the carrier of the requirement to defend and indemnify, it does not mean that the assured must accept such counsel. He may refuse the legal representatives proffered him by the carrier. True, it may result in a breach of the contract and consequently relieve the carrier of its responsibility under the policy, but the assured cannot be compelled, against his will, to enter into the relationship of attorney and client with the attorney furnished by the carrier.

It is our view that a principal in an action has the ultimate control of that litigation. If he does not desire to follow the advice, guidance or suggestion of his counsel, the attorney has the right to terminate the relationship, but he may not, against the express wish of the client, take any step in an action, no matter how appropriate it may be (*Derickson* v. *McCardle,* 2 How. Prac. 196).

It would seem, therefore, that the defendant's attorneys lack the authority to make this application for a dismissal of the complaint. Ordinarily the attorney's authority is presumed from the filing of a notice of appearance (*Corey* v. *Corey*, 62 N. Y. S. 2d 796). Nevertheless, the court has the power to inquire into the authority of the attorney (*99 Plaintiffs* v. *Vanderbilt*, 1 Abb. Prac. 193). Defendant Reynolds' affidavit denying McGarry & Sclafani's authority to proceed with this motion places them under a disability within the meaning of section 240 of the Civil Practice Act (*Thomas* v. *Thomas*, 178 Misc. 349).

At this point and on this application, the respective rights of Reynolds and his carrier are not before the court. The carrier may have the right to serve a notice of disclaimer upon this defendant for a breach of his contract with them and the attorneys have the right, if not the duty, to withdraw as the attorneys for this defendant in this action (*Impellizzeri* v. *Haug*, 282 App. Div. 742). As this court has had occasion to comment, attorneys, although paid by an insurance carrier, are the attorneys for the assured and if there be a conflict of interest, they cannot continue to represent both (*American Employers Ins. Co.* v. *Goble Aircraft Specialties*, 205 Misc. 1066; see, also, *Heller* v. *Alter*, 143 Misc. 783).

It may well be that the defendant Reynolds has been ill-advised with respect to the position taken by him in this litigation. If he continues to maintain it, he may incur needless expense and find himself without the insurance coverage which he purchased. That, however, is his responsibility and one which he has the right to assume if he sees fit, regardless of the lack of sound judgment involved.

In view of the disavowal by the defendant Reynolds, this motion must be deemed not properly before the court. The motion is denied, without prejudice to a new application or such other proceedings as the parties may be advised to take.