Maurice Wahl, J.
The plaintiff herein is an attorney and appears pro se and seeks damages in the sum of $9,500 against the defendant, Jack Cuthbertson, who it is alleged caused plaintiff’s client, Anna Bell Cuthbertson, the defendant’s wife, to discharge the plaintiff as her attorney.
In September, 1963, the wife, Anna Bell Cuthbertson, signed a retainer agreement in favor of the plaintiff to sue Jack Cuthbertson for $10,000 for damages to two vase lamps and mental distress caused thereby. The defendant interposed several defenses and counterclaims for various sums to the effect that the plaintiff therein, his wife, had cut the sleeve of his suit, ruined his fine stock of ties and damaged his trombone, and other trivia of the same quality. Thereafter the defendant obtained a document from his wife releasing and ‘ ‘ stopping ’ ’ her claims against him and she subsequently admitted to the plaintiff that she had released the defendant in consideration of the sum of $300 and the payment of some medical bills incurred by her. This agreement did not involve the alimony payable under a decree of separation issued by the Supreme Court, New York County, in 1963.
In the complaint, which is inartistically drawn, the plaintiff asks (1) for damages of $1,000 for wrongful discharge by his client, allegedly caused by defendant, not his client; (2) for $4,500 damages for alleged loss of the fee to be earned, save for defendant’s alleged interference with retainer between plaintiff and his client, the defendant’s wife; (3) the third cause of action was the same as the second cause, stated differently; and (4) $4,000 damages for mental distress allegedly caused to plaintiff by defendant.
In the plaintiff’s posttrial brief, page 1, he disavows the first cause of action, and the same is therefore dismissed. The fourth cause is dismissed on the merits. Regardless of the vicissitudes of litigation, it is the plaintiff’s chosen profession and if he is engaged in a hard-fought and exhausting legal battle it is immaterial how exasperating or aggravating it may be. Situations, as they occur, must be accepted with fortitude and equanimity. Certain it is that an adversary attorney cannot seek *205 damages against the adverse litigant for strenuously or aggravatingly opposing any such attorney.
We now come to the core of this suit. The plaintiff was engaged pursuant to a contingent retainer to sue for property damages for two vases. Such written retainer is dated September 26, 1963 by plaintiff’s client. It is based upon the sliding scale of fees set forth under schedule A of rule 4 of the Rules of the Appellate Division, First Judicial Department. Albeit the said rule embraces property damages, subdivision (5) thereof merely fixes said fee schedule as to personal injury actions. There is no separate schedule for property damages. It may fairly be said, however, that the rule inferentially contemplates the same schedule for property damage claims.
Assuredly, the notice of retainer must be filed. The plaintiff has not shown any such filing nor has he shown compliance of registration of attorneys as required under section 467-a of the Judiciary Law. In the court’s opinion, such compliance are conditions precedent to an attorney’s recovery for legal services, directly or indirectly.
Registration statutes for the professions have been on the books for many years (Education Law, § 6510 [medicine]; § 6610 [dentistry]; § 6708 [veterinary medicine]; § 6805 [pharmacy]; § 6908 [nursing]; § 7007 [podiatry]; § 7106 [optometry]; § 7206 [engineering and surveying]; § 7305 [architecture] and § 7405 [certified public accounting]). Suffice it to say that law is a profession for which a State Bar examination for a license is required, in addition to a character examination. Now the Legislature has enacted section 467-a of the Judiciary Law, to likewise require registration for attorneys at law. This registration is salutary as it puts the public on notice that only properly licensed and registered attorneys at law are in good standing. There have been reported instances in the public media of “registered representatives ”, which may have caused deception to the public.
Recovery for professional services has been denied for failure to comply with the registration statute. In Lewis v. Soconis (246 App. Div. 762) judgment of Justice’s Court dismissing a complaint by a dentist to recover fees was reversed by the County Court; the Appellate Division reversed the County Court and dismissed the complaint. In the court’s opinion, that rationale is applicable to attorneys at law who fail to register.
On the front page of the New York Law Journal of December 10, 1963, Hon. Chasms S. Desmond, Chief Judge, State of New York, made the following announcement: ‘ ‘ Section 467-a of the Judiciary Law, now in effect, requires that every lawyer register *206 before January 1, 1964, with the clerk of the Court of Appeals and pay a $15 registration fee. Thousands of lawyers have so registered, many have not. Great injury to the public image of the Bar will result from any willful disobedience to this law. I urge my fellow lawyers to register immediately. ’ ’
Thereafter the Law Journal of December 23, 24, 26, 27 and 30, 1963 carried front page announcements that it had the necessary forms for such registration:
1‘ Registration of Attorneys
“As the members of the Bar are aware, chapter 204, section 74, of the Laws of 1963, requires every attorney admitted to the Bar before September 1, 1963, to file before January 1, 1964, a registration certificate and a fee of $15, to be sent to the clerk of the Court of Appeals in Albany.
“As a service to the Bar, the New York Law Journal has obtained a stock of the required forms and these are available now at the offices of the New York Law Journal at No. 217 Broadway. Those who prefer to write, instead of calling personally or via a messenger, will receive the forms if they enclose a self-addressed and stamped envelope, to the Law Journal, No. 217 Broadway, N. Y. 7, N. Y.”
A request, urgently recommended by the Chief Judge, is tantamount to a command; otherwise it would be an exercise in futility. However, the gentle words clearly carry the implication that compliance with the said registration statute is necessary to completely fulfill the ethical and legal requirements for the practice of our noble profession.
The settlement of $300 accepted by the plaintiff’s client without his knowledge does not deprive plaintiff of his lien. The question is: what is his lien?
Plaintiff’s client instructed him to cease prosecution of her claim and the plaintiff thereupon had himself relieved by an order of one of the Judges of this court. Thus the contingent retainer was not fulfilled and plaintiff cannot recover other than quantum meruit or reasonable value for the services rendered, since the plaintiff did not prosecute the property damage claim to final judgment. The rule of Lurie v. New Amsterdam Cas. Co. (270 N. Y. 379) would apply here.
Hence, the second and third causes are dismissed, without prejudice, and plaintiff may proceed as advised.