# WILL CUMMINGS v. RAMON G. PATTERSON.—
## 442 S.W.2d 640.

Eastern Section. November 14, 1968.

Certiorari Denied by Supreme Court March 17, 1969.

Tanner & Jahn, Chattanooga, for appellants, Will Allen Wilkerson and Swafford & Taylor, Chattanooga, of counsel.

Ellis K. Meacham, Chattanooga, Guardian ad Litem for Will Cummings.

McAMIS, P.J. This is the second time this case has been before this Court. The first review involved an attempt by certiorari and supersedeas to obtain a reversal of a decree of the Chancellor approving a compromise settlement of $300,000.00 in behalf of the original .

complainant Will Cummings, at that time represented by next friend appointed by the Chancellor because of his infirm physical and mental condition. See Cummings v. Patterson, 54 Tenn.App. 75, 388 S.W.2d 157, for the background of the case prior to the remand.

The present appeal is by counsel who brought the original action against Ramon G. Patterson. The two principal questions are (1) whether the Chancellor erred in declining to enforce that provision of the contract of employment between the attorneys and Judge Cummings under which compensation of counsel was to be one third of any recovery and (2) in event the provision for a fee of one third be held not enforceable whether the allowance of a fee of $40,000.00 on the basis of quantum meruit is adequate.

The Guardian ad Litem for Judge Cummings has also appealed insisting counsel should have been denied any compensation because the employment contract purported to deprive Judge Cummings of the right to settle without the consent of counsel and for that reason is completely void as against public policy.

After this court, in denying certiorari and supersedeas, held that counsel for Judge Cummings were without authority as next friend or otherwise to challenge the Chancellor's action approving the compromise settlement there was a full hearing before the Chancellor on the question of fees due counsel for complainant. As in this court, the Guardian ad Litem resisted the allowance of any fee while counsel insisted on the fee of one-third provided by their contract of employment.

In a lengthy opinion the Chancellor held the contract of employment void because it purported to deprive the

litigant of the right to settle except with the consent of counsel. The Chancellor held, however, that counsel were entitled to reasonable compensation and without hearing proof found that $40,000.00 was the reasonable value of their services.

Counsel for appellant concede in limine that the provision of the contract requiring Judge Cummings to secure the approval of counsel before agreeing to a settlement of his claim is void and unenforceable as against public policy. It is insisted, however, that this provision of the contract can be discarded without impairing the agreement of the parties as to a contingent fee of one third of any recovery. Although there is a wealth of authority on the subject as appears from an annotation at 121 A.L.R. 1122 et seq., we are not cited to any Tennessee decision controlling the question whether the invalid provision of the contract is divisible from the remainder of the contract.

Preceding the above annotation at p. 1119, there appears an exhaustive review of the authorities by the Supreme Court of West Virginia in Butler v. Young, 121 W. Va. 176, 2 S.E.2d 250, 121 A.L.R. 1119, with a dissenting opinion by the President of the Court.

While recognizing that the weight of authority is to the contrary, the majority of the court held enforceable the provision of the contract fixing compensation of counsel, against the contention that the contract should be struck down in its entirety because of the provision undertaking to deprive the litigant of the right to compromise without the consent of counsel.

In a strong dissent the President of the Court reasoned:

"(T)o hold that the contract itself, containing the void provision, may still be enforced as to all other provisions, makes futile the condemnation of the void provision. Under this holding parties will be at liberty to continue the use of this or similar provisions, without any risk whatever, and they may be used, outside of courts, to impede or prevent the settlement of disputes. A continuance of a practice which we condemn as against public policy will be permitted, if not invited. The maintenance of sound rules of public policy can only be effected through penalizing those who violate them. I realize that not every contract which contains an illegal provision is rendered unenforceable as to the legal portions thereof; but where, as in this case, a phase of the administration of justice is involved, a provision which tends to infringe upon the right of litigants to settle their disputes should, in my opinion, be held to render the entire contract unenforceable. By so holding, the plaintiff would be permitted to base his claim upon the value of services rendered and, presumably, would be fairly compensated; on the other hand, the violation of a sound rule of public policy would be discouraged in the future."

Cases refusing to adopt either the view that the contract is void in its entirety and that no compensation is to be allowed the attorney or the view that the void provision may be disregarded and the compensation provided by the contract allowed and taking the middle ground that the attorney is entitled to recover on quantum meruit are noted in an annotation appearing in 100 A.L.R.2d 1378. All of the numerous cases cited with one exception sustain the right to recover on quantum meruit.

After noting cases from various states holding the contract void in its entirety, the editor states at p. 1129 of the earlier annotation:

"(A)bout an equal number of decisions in which a particular point has been made in that regard have taken the view that, notwithstanding the invalidity of the stipulation against compromise by the client, the rest of the contract may be enforced, *at least in a proper case.*" (Italics ours)

We are of the opinion the provision against settlement and that fixing the compensation to be paid attorneys in the present case are not separable. The attorneys drew the contract and apparently regarded as very material to their rights the provisions against settlement. The client could hardly have repudiated this provision and at the same time have demanded that the attorneys continue to perform all of the services required by the contract. The client even in the drafting of the contract of employment must trust the attorney to deal fairly and draw a contract mutually binding in all its parts and when the attorney fails in this particular the client should not be bound. It is not material that the attorneys at that time were unaware of this rule of law. On the other hand, we consider it inequitable and unjust to permit the client to profit by an innocent inclusion of this obnoxious provision in the contract. We conclude that the Chancellor rightly refused to enforce the contract and rendered a decree on the basis of quantum meruit.

Even under the rule of severability we would not consider this a proper case for basing recovery on the contract. The attorneys say they agreed with their client

to eliminate the provision giving them the right to veto any settlement. Yet, after Judge Cummings who was more than ninety years of age became senile and his wife was appointed by the Chancellor to act as next friend and finally as conservator, the attorneys, in disregard of the wishes of Mrs. Cummings, vigorously opposed the settlement and persisted in this course after the Chancellor had approved it, by filing their application with this court for certiorari and supersedeas, thereby attempting to control the settlement of the case as provided by the contract. They have now caused the complainant or his estate to incur the expense of bringing the case a second time before the appellate court.

■ We also consider without merit the assignment complaining of the amount allowed by the Chancellor. The allowance is based upon the attorneys' statement of approximately 800 hours spent on the case, computed on the basis of $50.00 per hour. We are told by the Guardian ad Litem that the minimum fixed by the Chattanooga Bar Association is $20.00 per hour. While we can not accept this statement without proof, we must assume the Chancellor had some knowledge of fees customarily charged by local attorneys and, so far as reflected by the present record, we can find no abuse of discretion in fixing the amount allowed.

■ In view of the persistence of the attorneys in attempting to control the litigation over the objection of Mrs. Cummings and contrary to the opinion of the Chancellor as to the best interest of their client we can find no abuse of discretion in taxing the attorneys with costs.

What has been said necessitates overruling the assignments of error filed by the Guardian ad Litem.

Finding no error, all assignments of error are overruled and the decree affirmed at the cost of appellants Swafford, Jahn & Taylor and surety on their appeal bond.

The cause will be remanded generally and particularly for the allowance of a proper fee to the Guardian ad Litem for services rendered on appeal.

Cooper and Parrott, JJ., concur.