■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STEWART, Appellant. [718 NYS2d 847] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered November 4, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

We perceive no basis for reduction of sentence. Concur— Nardelli, J. P., Williams, Tom, Wallach and Friedman, JJ.

■ LEON GREENBERG, Appellant, v DENNIS WALSH, Respondent, et al., Defendant. [718 NYS2d 847] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered June 15, 1999, which granted defendant-respondent's motion to vacate the default judgment entered against him upon his failure to appear at a compliance conference, upon condition that he pay plaintiff $300, unanimously affirmed, without costs.

Plaintiff seeks to recover a legal fee against defendant-respondent, a *pro se* litigant, owed as a result of plaintiff's representation of the codefendant in other litigation between the two defendants. Plaintiff alleges that defendants collusively settled the other litigation in order to deprive him of his fee. This claim is at odds with the principle that a client may discharge an attorney at any time with or without cause (*see, Matter of Cohen v Grainger*, 81 NY2d 655, 658), and is unsupported by any evidence that respondent threatened the codefendant or used other unlawful means to induce her termination of plaintiff's retainer (*compare, Lurie v New Amsterdam Cas. Co.*, 270 NY 379). Indeed, all that appears is that defendants are husband and wife who have reconciled. Considering all the circumstances including the absence of prejudice (*see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23-24), and the strong policy preference for resolving cases on the merits, vacatur of the default was a proper exercise of discretion. Concur—Nardelli, J. P., Williams, Tom, Wallach and Friedman, JJ.