In the Matter of EFI PAPADOPOULOS et al., Respondents, v GOLDSTEIN, GOLDSTEIN & RIKON, P. C., Appellant. [725 NYS2d 364] —In a proceeding pursuant to Judiciary Law § 475 to determine an attorney's lien, the appeal is from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered September 21, 2000, as determined that the appellant is entitled only to recover in quantum meruit for the legal services it rendered to the petitioners in connection with a condemnation matter.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant law firm was retained by the petitioners in connection with a condemnation matter. Several months later, the petitioners discharged the appellant because they had negotiated a private sale of their properties on their own. The appellant filed a notice of lien. The Supreme Court determined that the petitioners discharged the appellant without cause, and that the appellant was therefore entitled to recover in quantum meruit. We affirm.

The rules governing the attorney-client relationship are well established. "[A] client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" (*Campagnola v Mulholland Minion & Roe,* 76 NY2d 38, 43; *see, Solomon v Bartley,* 203 AD2d 449). Where the discharge is for cause, the attorney has no right to compensation (*see, Campagnola v Mulholland Minion & Roe, supra; Orendick v Chiodo,* 272 AD2d 901; *Matter of Leopold,* 244 AD2d 411). Where the discharge is without cause before the completion of services, the attorney is limited to recovering the reasonable value of its services in quantum meruit (*see, Campagnola v Mulholland Minion & Roe, supra; Teichner v W & J Holsteins,* 64 NY2d 977; *Bruk v Albin,* 270 AD2d 441; *Scordio v Scordio,* 270 AD2d 328).

The appellant contends that the petitioners entered into a collusive settlement to defeat its right to its contingent fee in accordance with the retainer agreement. However, the petitioners had the right to settle their own case, and the appellant is thus limited to recovery in quantum meruit (*see, Lurie v New Amsterdam Cas. Co.,* 270 NY 379; *Greenberg v Walsh,* 279 AD2d 338).

The appellant's reliance upon *Matter of City of New York (Mill Brook Homes-Goldstein)* (1 AD2d 667, *affd* 2 NY2d 869) is misplaced. In that case, the attorney sought to enforce his lien in connection with a condemnation award that was secretly negotiated by the client. However, "the fee arrangement was extended to cover an acquisition of the property by purchase" (*Matter of City of New York [Mill Brook Homes-Goldstein]*, *supra*, at 667). In this case, there was no similar extension of the retainer agreement. The appellant was not granted an exclusive right to sell the properties. Thus, the petitioners were within their rights to sell their properties to settle their case.

The parties' remaining contentions are without merit. Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.