■ DILIMETIN & DILIMETIN, Appellant, v SHARON STEIN et al., Respondents. [747 NYS2d 369]

The complaint, purporting to state causes for tortious interference and conspiracy based upon plaintiff law firm's discharge by its client, allegedly at the instigation of defendants, was properly dismissed. Although a law firm may prevail on a claim that a third party induced a client to cancel a retainer agreement upon a demonstration that the inducement was wrongfully effected (*see Lurie v New Amsterdam Cas. Co.*, 270 NY 379), defendants' actions, as alleged, amount to no more than "simple persuasion," and, as such, do not constitute the sort of coercive, maliciously motivated wrong required to support a cause of action for tortious interference with prospective business relations (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300). Plaintiff's remaining cause for conspiracy was properly dismissed, since defendants' alleged actions bear no discernible connection to an actionable underlying tort (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969; *American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 416).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.